Elaine Moldenhauer, Plaintiff-Appellant, v. Tadeusz Krynski, a/k/a Teddy Krynski and Krystyna Krynski, Defendants-Appellees.

Gen. No. 49,733.

First District, Second Division.

September 14, 1965.

Charles Pressman and Harold Friedman, of Chicago, for appellant.

Gates W. Clancy, of Chicago (Wendell W. Clancy, of counsel), for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This was an action to recover damages for injuries received by plaintiff in a fall in an apartment rented by her and her husband from defendants. The trial court directed a verdict for defendants on the issue of liability, from which plaintiff appeals.

In June of 1958, plaintiff and her husband inquired about renting the second floor apartment in defendant's apartment building. Mr. Krynski informed them that the rent was $135.00 per month, but that in-

spection could not be made of the apartment at that time because the tenants living there were not home; plaintiff and her husband were told that the apartment was identical to the first floor apartment where defendants resided. Several days later the Moldenhauers were informed that they could have the apartment and were invited to inspect it. During the inspection it was noticed that several of the one-inch hexagonal ceramic floor tiles in the bathroom were loose. The loose tiles were supposed to cover a metal plate in the floor in an area located immediately adjacent to the bathtub. Mr. Krynski was asked if the tiles would be replaced, and he stated that the plumbing would have to be repaired first but that he would have the tiles replaced "so that no one was hurt." On the day of the inspection conditions of the tenancy were discussed, which included the furnishing of heat and the removal of a mirror from the apartment. The Moldenhauers rented the apartment on a month-to-month basis until June of 1959. No written lease was ever entered, nor does it appear that one was ever discussed.

During the duration of the tenancy the Moldenhauers requested Mr. Krynski to repair the tiles on six to nine occasions, but the repairs were never made. They testified they offered to repair the tiles themselves, or to employ someone to do it, but that Mr. Krynski refused to allow this for the reason that the plumbing would have to be repaired and the tiles in question would be removed in the process. For the entire period of the tenancy a small rug and a bathmat were kept partially over the loose tiles.

In June of 1959 the Moldenhauers were in the process of moving from the apartment. All of their property had been removed, including the small rug and the bathmat which had covered the loose tiles in

384

the bathroom. While making a final inspection of the premises to make sure that nothing was left behind, plaintiff noticed two hand brushes on the bathtub ledge in a far corner. Plaintiff testified that she placed her foot on the secure tile next to the loose tile, making certain that she was not standing on the loose tiles, and reached over the bathtub to get the brushes. As she reached over, the apparently secure tile upon which she had been standing gave way with the loose tile. Plaintiff's feet went out from under her and she fell, striking her knees and sustaining injuries. Prior to the occurrence plaintiff had been suffering from lymphedema and elephantiasis in her legs.

Plaintiff's witness, Peter Keller, was employed in plumbing, tile, and building maintenance work. He testified that floor tiles support one another, and that if one is removed, weight has a tendency to cause the mortar around adjacent tiles to crack, causing them to become loose.

It was agreed upon by trial counsel that defendants' motion for a directed verdict on the issue of liability should be ruled upon by the court before plaintiff presented any evidence on damages. At the close of plaintiff's case on liability the court sustained defendants' motion for a directed verdict, on the ground that plaintiff's remedy was for breach of contract and that the damages for said breach could not include the personal injuries sustained by plaintiff, and on the further ground that plaintiff was guilty of contributory negligence as a matter of law.

■ When a court is ruling on a motion for a directed verdict the sole question presented for its consideration is whether all the evidence in favor of the plaintiff, taken to be true, together with all legitimate inferences, fairly tends to sustain the cause of action.

In deciding the motion the court has no right to pass upon the credibility of witnesses, to consider any purported impeachments, the weight thereof, or the quality of the testimony. Crawford v. Orner & Shayne, Inc., 331 Ill App 568, 73 NE2d 615; Vieceli v. Cummings, 322 Ill App 559, 54 NE2d 717. Before it can be determined whether the motion in the instant case was properly sustained or not, the matter raised, concerning the landlord's liability for personal injuries suffered by his tenant on the demised premises, must be considered.

■ ■ The landlord is generally under no duty to repair defects in the demised premises, unless he assumes such duty by way of an express contract. West Chicago Masonic Ass'n v. Cohn, 192 Ill 210, 61 NE 439; Sontag v. O'Hare, 73 Ill App 432. As with any contract, unless it is supported by consideration, it is nudum pactum and consequently unenforceable. Borggard v. Gale, 107 Ill App 128. The court below was of the opinion that, except in cases of fraud and concealment, the tenant assumes the risk of personal injuries arising from defects within the demised premises, notwithstanding the existence of a valid contract by the landlord to repair the defects. The court stated where such contract is breached, the tenant's remedy is limited to one of the following: (1) abandon the premises, (2) make the repairs himself and deduct the costs thereof from the rent, (3) continue in possession without making repairs and recoup the damages for the breach in an action for the rent, or (4) sue for damages for breach of covenant, the measure of damages being the difference between the value of the premises in repair and the value out of repair. Plaintiff contends that the position taken by the court incorrectly states the law in Illinois, for the reason that recovery may be had from a landlord by

a tenant for personal injuries incurred as a result of the landlord's breach of his covenant to repair, where such damages were within the contemplation of the parties at the time of the making of the contract.

■ The position taken by the court overlooks the cases which allow recovery for personal injuries suffered by a tenant on demised premises where the landlord has breached his contractual duty to repair. See Alaimo v. DuPont, 4 Ill App2d 85, 123 NE2d 583; Page v. Ginsberg, 345 Ill App 68, 102 NE2d 165. As stated in the landmark case of Cromwell v. Allen, 151 Ill App 404, the reason for the rule that the landlord is generally not liable for personal injuries to his tenant as a result of the landlord's breach of his covenant to repair, is that such damages are not ordinarily contemplated by the parties to the contract at the time of the making of the contract. As exceptions to this general rule, the Cromwell case sets out three distinct conditions which may give rise to the landlord's liability for personal injuries, namely, where the covenant to repair amounts to a covenant to keep the premises reasonably safe, or where the contract was made under such circumstances as plainly indicated that such damages were contemplated by the parties, or where some duty rests on the landlord to make the repairs not arising from the contract. Cromwell v. Allen, 151 Ill App 404, 408. In a proper case, therefore, a tenant may recover damages for personal injuries incurred as a result of the landlord's breach of his covenant to repair.

Defendants maintain that, unless the contract to repair includes a promise to maintain the premises at a minimum level of repair, the tenant cannot recover damages for personal injuries sustained as the result

of a breach of the contract. Defendants draw a distinction between contracts involving a continuing duty to repair and those involving a duty to make specific or single repairs. No case has been cited directly supporting this position, nor any substantial reason given why such distinction should be made.

Perhaps the strongest case cited by defendants in support of this position is Taylor v. Geroff, 347 Ill App 55, 106 NE2d 210. In the Taylor case the court stated that "the rights of tenant . . . are not altered by a promise on the part of the landlord to repair unless the promise amounts to a covenant to keep the premises in a safe condition." The question of drawing a distinction between a duty of keeping the premises in repair vis-a-vis one of simply putting the premises in repair, did not arise in that case. Moreover, the statement made by the court in the Taylor case is supported by Cromwell v. Allen, 151 Ill App 404; Farmer v. Alton Building & Loan Ass'n, 294 Ill App 206, 13 NE2d 652, and Breazeale v. Chicago Title & Trust Co., 293 Ill App 269, 12 NE2d 217. A reading of these supporting cases shows that the courts therein did not even intimate that the landlord's contractual duty to repair must be a continuing one before the tenant could recover for personal injuries. On the contrary, the Cromwell and the Farmer cases state that recovery for personal injuries may be had by the tenant not only where a contract calls for a continuing duty to repair, but also where the circumstances at the time of the making of the contract to repair indicate that damages for personal injuries were contemplated by the parties. This latter situation would plainly include a contract calling for the landlord to make a specific repair. The Breazeale case in no way touches upon the necessity of a continuing duty, but rather is decided on the grounds that the plaintiff

there did not show that the landlord retained control of the premises and on the fact that plaintiff was injured at a place other than the one complained of to the landlord.

The other cases cited by defendants in no way bear upon the question of the necessity of a continuing duty. Fonyo v. Chicago Title & Trust Co., 296 Ill App 227, 16 NE2d 192, is based upon plaintiff's lack of evidence that she was not guilty of contributory negligence, the court expressly stating that it saw no need to pass upon the question of the landlord's duty to repair; Oppenheimer v. Szulerecki, 297 Ill 81, 130 NE 325, states that the tenant, upon breach by the landlord, is entitled to pursue one of the four contract remedies, but does not say that they are the only remedies open to him; Crawford v. Orner & Shayne, Inc., 331 Ill App 568, 73 NE2d 615, is based on the fact that the contract there involved was nudum pactum and that the injury suffered by the tenant was not foreseeable; Shields v. J. H. Dole Co., 186 Ill App 250, involved a contract where the tenant, not the landlord, assumed the duty to make repairs.

Defendants' claim that no case involving recovery for personal injuries has allowed recovery where the element of a continuing duty was not present, overlooks the case of Page v. Ginsberg, 345 Ill App 68, 102 NE2d 165. While the question of the necessity of a continuing duty did not specifically arise in the Page case, recovery was allowed for personal injuries suffered as a result of the landlord's breach of a covenant to make a specific repair. Alaimo v. Du Pont, 4 Ill App2d 85, 123 NE2d 583, does involve a continuing duty to repair, but the court did not hold, or even suggest, that a contract involving a continuing duty to repair is the only type upon which recovery may be had for personal injuries.

■■ There appears to be no substantial reason for making the distinction made by the defendants. The gravamen of an action to recover damages for personal injuries resulting from a breach of a covenant to repair is the breach of the covenant itself; if the landlord is to be held liable it is only because he negligently failed to perform his duty. See Cromwell v. Allen, 151 Ill App 404, 407, 408. Whether the contract calls for the landlord to keep the premises in repair or simply to put the premises into repair has no bearing on whether he has negligently failed to make such repairs. Defendants' argument, that the tenant must take affirmative action by making the repairs himself and pursuing one of the four contract remedies, overlooks the fact that one of those remedies to which defendants refer allows the tenant to let the premises remain in a state of disrepair. We are of the opinion that personal injuries incurred by a tenant as a result of the landlord's covenant to make specific repairs may subject the landlord to liability where such damages were contemplated by the parties at the time of the making of the contract.

■ Taking the evidence in a light most favorable to plaintiff, we are of the opinion that defendants' motion for a directed verdict should not have been sustained. There is evidence that a contract to repair the tiles was entered between the Moldenhauers and the Krynskis, that there was consideration therefor, and that the injuries sued upon herein were within the contemplation of the parties at the time the contract was entered into; plaintiff's evidence further indicates that she was in the exercise of due care at the time of the occurrence. All of these matters presented questions of fact which should have been allowed to go to the jury after all the evidence in the

case was presented. The judgment is reversed and the cause remanded with directions to allow plaintiff's post-trial motion for a new trial.

Judgment reversed and cause remanded with directions.

BRYANT and LYONS, JJ., concur.