FLORENCE LOOGER, Plaintiff-Appellant, v. JAMES R. REYNOLDS, Defendant-Appellee.

(No. 74-112;

Third District—February 20, 1975.

Warren E. Danz, of Peoria (Richard Leiser, of counsel), for appellant.

Kuhfuss & Kuhfuss, of Pekin (Harold Kuhfuss, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff, alleged guest of defendant's tenant, filed a third amended complaint to recover for personal injuries she sustained in a fall on the porch which she asserts to have been defective. She appeals here from orders dismissing this pleading for failure to state a cause of action and denying her motion to reconsider.

The pleading alleges at Count II, as a basis for the duty giving rise to defendant's alleged liability in tort, that defendant at the time of leasing the premises to plaintiff's host specifically undertook with his tenant an obligation to repair the defective porchway, and that his default in that respect was the proximate cause of plaintiff's injury. The issue presented here is whether as a matter of law that statement of defendant's undertaking with his tenant may be the basis of a legal duty to plaintiff, as the tenant's invitee.

In support of her position that the pleading is sufficient, plaintiff argues that this court should accept as prevailing law the rule found at 2 Restatement (Second) of Torts § 357, as follows:

"A lesser  *  *  *  is subject to liability for physical harm caused to his lessee *and others upon the land with the consent of the lessee* or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if (a) the lessor, as such, *has contracted by a covenant in the lease* or otherwise to keep the land in repair, and (b) the disrepair creates an unreasonable risk  *  *  *  and (c) the lessor fails to exercise reasonable care to perform his contract." (Emphasis added.)

Three rationales are cited in support of acceptance for the Restatement rule: (1) The landlord, by the agreement to repair, reserved a privilege to entry and supervision of the premises by virtue of which he retained "control" of the premises and ought to be liable as an occupier of the land; (2) the lessor by his promises, induced the tenant to forego repairs of his own, and so by his misleading undertaking has made himself responsible for the consequences; and (3) the landlord stands in a special relation to the tenant and, by entering into the covenant to repair, undertakes an additional responsibility which extends the relationship. The best statement of this is *Dean v. Hershowitz*, 119 Conn. 398, 117 A. 262 (1935).

Until recently, the prevailing view in this state has been that a landlord's failure to perform a covenant to repair given in his lease would not give rise to liability in tort for injuries sustained by the tenant from a defective condition. The landlord was deemed to have no liability in tort to his tenant for injuries sustained from a condition of the premises

after tenant took possession except in instances where landlord knew or had reason to know of latent defects of which he failed to inform tenant, or where he fraudently concealed defects. Some other exceptions were sometimes recognized. For injuries occasioned by landlord's failure to perform a covenant to repair, the tenant was generally confined, however, to his remedy for breach of contract.

These rules appear to have been relaxed in *Moldenhauer v. Krynski*, 62 Ill.App.2d 382, 210 N.E.2d 809 (1st Dist. 1965), where a tenant was allowed to recover damages in tort for personal injuries proximately caused by defendant-landlord's failure to perform a promise to repair. More recently, the Illinois law was brought in closer conformity with the Restatement rule by a decision in *Lulay v. Southside Trust & Savings Bank*, 4 Ill.App.3d 483, 280 N.E.2d 803 (3rd Dist. 1972). In that case, a tenant's daughter was permitted to recover damages in tort occasioned by the landlord's failure to abide by a covenant to repair given in his lease. The court stated at 4 Ill.App.3d 483, 485:

> "A growing number of courts adhere to the rule that a landlord who has covenanted to keep premises in repair is liable for injuries received by the tenant, his family, servants, [and] *invitees* because of his failure to do so." (Emphasis added.)

In our judgment, there is no meaningful distinction to be made between the facts in *Lulay* and those alleged here. We therefore accept the Restatement principle as the modern prevailing rule of law and hold that clearly, under Illinois precedents, Count II of plaintiff's third amended complaint states a sufficient cause of action.

The judgment of the circuit court is accordingly reversed, and the cause is remanded for further proceedings consistent with these views.

Reversed and remanded.

ALLOY, P. J., and BARRY, J., concur.