GARY S. AUBURN *et al.*, Plaintiffs-Appellants, *v.* AMOCO OIL COMPANY *et al.*, Defendants-Appellees.

Fourth District    No. 17523

Opinion filed April 26, 1982.

Darrel F. Parish, of Owen, Roberts, Susler & Murphy, of Decatur, for appellants.

Laurence W. Grabb, of Ryan, Grabb, Cini & Bennett, of Mattoon, for appellees.

PRESIDING JUSTICE GREEN delivered the opinion of the court:
In this case we hold that the warranty of habitability implied in a lease of a dwelling by the doctrine enunciated in *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208, and expanded in *Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 417 N.E.2d 1297, does not give rise to a cause

of action for personal injuries or property damage. In doing so we are following the precedent set forth in pre-*Pole Realty* cases in comprehensive opinions by the Appellate Court for the First District in *Beese v. National Bank* (1980), 82 Ill. App. 3d 932, 403 N.E.2d 595, and that of the Fifth District in *Dapkunas v. Cagle* (1976), 42 Ill. App. 3d 644, 356 N.E.2d 575.

On March 26, 1981, in a multiparty case, plaintiffs, Gary S. Auburn and Karen Auburn, filed a third amended complaint in the circuit court of Macon County. The complaint was against defendants, Charles K. Ekiss and Alberta J. Rogers, as executors of the estate of Florence M. Ekiss, deceased. On September 14, 1981, the court allowed with prejudice defendants' motion to dismiss the complaint, denied plaintiffs leave to file a fourth amended complaint, and found no just reason to delay enforcement or appeal of the order. Plaintiffs have appealed. We affirm.

The third amended complaint alleged: (1) plaintiffs were tenants under a lease with defendants' decedent covering a dwelling house in Moultrie County; (2) plaintiffs resided in the house and kept substantial personal property in it; (3) at all times mentioned defendants' decedent was in breach of her implied warranty that the premises were habitable because the furnace in the house and its appliances and fuel supply were not in working order and were not reasonably safe for their intended purposes; and (4) as a proximate result of the foregoing, an explosion occurred destroying the house and causing plaintiffs to suffer substantial personal injury and property damages. Defendants' motion to dismiss alleged: (1) the theory of implied warranty of habitability does not give rise to a cause of action for damages for personal injury caused by breach of the warranty; (2) the lease, incorporated in the complaint, contained a clause disclaiming liability upon the lessor for the injuries alleged; and (3) the complaint contained no allegation that the injuries were caused by a hidden defect existing when plaintiffs commenced occupation and of which plaintiffs were unaware.

In pronouncing its ruling dismissing the third amended complaint, the trial court made a docket entry stating it was following the precedent of *Beese* and *Dapkunas* that no cause of action for personal injuries results from a breach of the implied warranty of habitability.

The opinion in *Jack Spring* is fully explained in *Pole Realty, Beese, Dapkunas* and numerous other cases. A lessor of a multiple-dwelling unit sued a lessee in forcible entry and detainer based upon failure to pay rent. The trial court struck an affirmative defense in which the lessee alleged the lessor had breached an implied warranty of habitability by failing to comply with the Chicago Building Code. On appeal, the supreme court reversed, holding that: (1) such a warranty is implied in leases for multiple-dwelling units; (2) the warranty could have been met by compliance with

the applicable provisions of the building code; (3) a breach of the warranty by the lessor would be germane to whether the lessee was in default on rent; and (4) striking the defense was error.

In *Pole Realty* the implied warranty of habitability was extended to single-unit dwellings. The issue there also arose from a defense filed to a suit in forcible entry and detainer and, again, the allegation of breach was a violation of the Chicago Building Code. There, unlike in *Jack Spring*, the defendant also filed a counterclaim seeking relief which included damages for physical and emotional injury arising from the alleged breach of the warranty. Upon plaintiff's motion, both the breach-of-warranty affirmative defense and the counterclaim were stricken by the trial court on the ground that the warranty was not applicable to leases of single-unit dwellings. The supreme court agreed with the appellate court's decision (*Pole Realty Co. v. Sorrells* (1979), 78 Ill. App. 3d 361, 397 N.E.2d 539) that the warranty applied to leases of single-unit dwellings and affirmed the appellate court's decision to reverse the order striking the mentioned affirmative defense and the counterclaim.

Even after *Pole Realty* uncertainty exists as to whether the implied warranty of habitability arises from a lease of all dwellings or only those subject to a building code. (See Eaton, *The Implied Warranty of Habitability in Illinois: Prairie State Lags Behind Other Industrial States in Landlord-Tenant Law*, 1979 S. Ill. U.L.J. 183.) No allegation of the third amended complaint stated the dwelling here to be subject to a municipal building code. In *Beese* and *Dapkunas*, lack of a building code covering the premises whose lease was in question was held to be one of the grounds for a ruling in favor of the lessor. Here, however, the motion to dismiss was not based on the failure to allege the existence of a building code. In any event, because of our conclusion that no action for personal injury or one for property damage lies here, we need not consider whether the demised premises need be subject to a building code in order for the warranty to be implied.

Plaintiffs assert that because the *Pole Realty* court reversed the order striking the counterclaim which sought damages for emotional and physical injury arising from the breach of warranty, that decision is precedent establishing the validity of the type of action they have brought here. We disagree.

Neither the supreme court nor the appellate court opinions in *Pole Realty* discuss any issue concerning the propriety of the counterclaim other than the question of the types of dwellings whose leases were covered by the warranty, except for the following from the appellate court opinion:

> "Defendant also contends that the trial court erred in striking her counterclaim for damages resulting from plaintiff's alleged breach

of the implied warranty. It is clear that a counterclaim raising the issue of whether excess rent has been paid may be asserted in an action for possession of property based upon non-payment of rent. (*Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 298 N.E.2d 173.) Accordingly, we further hold that the trial court erred in striking defendant's counterclaim." (78 Ill. App. 3d 361, 366, 397 N.E.2d 539, 543.)

We conclude that the question of whether an action for personal injury or property damages can arise from a breach of the implied warranty of habitability was never a subject of inquiry by the supreme court in *Pole Realty*.

Although we are aware of no Illinois case on the exact point, the following is pertinent to the precedent of *Pole Realty* as to the issue here:

"*A decision is, generally, not a precedent as to a point which was not sufficiently argued and presented to the court, although if the point was an essential one the fact that it was duly presented and considered may be presumed. * * *.*

If a point is essential to the decision rendered, it will be presumed that it was duly considered, and that all that could be urged for or against it was presented to the court; but, if it appears from the report of the case that it was not taken or inquired into at all, there is no ground for this presumption, and the authority of the case is proportionately weakened. * * *" 21 C.J.S. *Courts* sec. 186c (1940).

The appellate court opinion in *Pole Realty* describes the nature of the counterclaim in more detail than does the supreme court opinion. It indicates counterclaimant was suing for a decrease in the value of the tenancy, bills for extermination services, and excessive gas bills as well as the physical and emotional injuries. The appellate court of this State has held that the implied warranty may be used as a sword as well as a shield and that an independent action for breach may stand. (*Jarrell v. Hartman* (1977), 48 Ill. App. 3d 985, 363 N.E.2d 626; *Gillette v. Anderson* (1972), 4 Ill. App. 3d 838, 282 N.E.2d 149.) Both of these cases concerned claims for a deterioration in the benefits from the lease rather than for personal injuries or property damage arising from a catastrophe resulting from a breach as here. The major thrust of the counterclaim in *Pole Realty* seems to have been similar to that in the cited cases. In this light, any consideration by the supreme court of whether the personal injury claim was proper seems even less likely.

■■ Moreover, the *Pole Realty* opinions would indicate it was unlikely that the issue, of whether an action for personal injuries could arise from the breach, was ever raised in the trial court. A reviewing court can consider for the first time on review the question of whether a pleading

states a cause of action only if the pleading completely fails to state a cause of action. (*Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162.) The *Pole Realty* counterclaim did state a cause of action even if the claim for personal injuries was invalid. Thus, if the question upon which precedent is claimed was not raised in the trial court, once the supreme court determined the warranty was applicable to the lease, it could not have upheld the striking of the counterclaim on the basis of a ground not raised below. Accordingly, a determination that a claim for personal injury or property damage lies for a breach of the warranty would not have been "essential" for the supreme court's upholding the counterclaim.

We are aware of no Illinois cases upholding the cause of action plaintiffs seek to assert. *Beese* and *Dapkunas* set forth a few cases from other jurisdictions that do. However, this shortage of precedent, of itself, does not stop us from recognizing the cause of action. Plaintiffs' argument that such an action would be appropriate under general legal principles has some force. They point out that under section 2—715(2)(b) of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 2—715(2)(b)) a buyer has a cause of action for "injury to person or property proximately resulting from any breach of warranty." They also mention how the tort of strict liability for defective product has arisen from the contractual theories of warranty.

In both *Beese* and *Dapkunas* the trial court had dismissed complaints by tenants seeking recovery against landlords for personal injuries resulting from breach by the landlords of warranties of habitability implied from the leases. In neither case was the leased property subject to a building code. In both cases the appellate court, in affirming the dismissal, held that the implied warranty recognized in *Jack Spring* did not arise unless the property was subject to a building code. Both courts also held that the complaints were also defective because no action for personal injuries can result from a breach of the implied warranty of habitability. Both courts indicated that an extension by them of the law of landlord and tenant was neither appropriate nor desirable. We are in general agreement with the reasoning of the courts in those cases. We note that even with respect to actions by tenants for damages for injury to person or property arising from breach of express promises by the landlord, the Illinois cases indicate that the breach must be negligently made and other aspects of tort law are also applicable. *Moldenhauer v. Krynski* (1965), 62 Ill. App. 2d 382, 210 N.E.2d 809; *Alaimo v. Du Pont* (1954), 4 Ill. App. 2d 85, 123 N.E.2d 583; *Cromwell v. Allen* (1909), 151 Ill. App. 404.

Although *Beese* and *Dapkunas* are not binding upon us, we choose to follow their precedent. We do not deem *Pole Realty* to have changed their authority on the question of actions for personal injury and property damage. As were those courts, we are unwilling to extend the operation of

the implied warranty of habitability to the extent requested by plaintiffs. Accordingly, we affirm the judgment of the trial court.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.