JEROME MANDELKE *et al.*, Plaintiffs-Appellants, v. INTERNATIONAL HOUSE OF PANCAKES, INC., Defendant-Appellee.

First District (4th Division)   No. 84—119

Opinion filed March 7, 1985.—Rehearing denied April 11, 1985.

Joseph I. Adler, of Chicago, for appellants.

Ronald Barliant, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, franchisee-sublessee, brought a declaratory judgment action against defendant, franchisor-sublessor, seeking a declaration that defendant is liable for certain repairs to the leased premises under the terms of the franchise and lease agreements entered into between the parties. The trial court entered a judgment on the pleadings for defendant and plaintiff appeals.

We affirm the decision of the trial court.

The pleadings in this case set forth the following pertinent facts:

In October 1969, plaintiff, Jerome Mandelke, entered into franchise and sublease agreements with defendant, International House of Pancakes, Inc. (IHOP). The franchise and sublease agreements called for IHOP to construct, furnish and equip an IHOP restaurant and to sublease the restaurant to plaintiff, who would operate it as franchisee. Both agreements expire in October 1994.

Paragraph V of the sublease provides as follows:

"REPAIRS AND MAINTENANCE

Sublessor [IHOP] agrees to and will keep and maintain the roof and exterior walls, but not including any exterior doors, windows or other glass, in good order, condition and state of repair. Sublessee [Mandelke] agrees to and shall, at his own cost and expense, keep and maintain all of the remainder of the demised premises, including, without limitation, the interior of the building, windows and other glass and all of the exterior of the demised premises, including, without limitation, the parking area and exterior lighting, all signs, landscaping and exterior doors, in good condition and state of repair at all times during the term of this sublease."

Additionally, Section III(A) of the franchise agreement provides that "Franchisor shall lease (or sublease) to Franchisee land with building and appurtenances suitable for operation of the INTERNATIONAL HOUSE OF PANCAKES restaurant herein contemplated." The franchise agreement contains an integration clause which requires that the two agreements be construed together.

After execution of the agreement, IHOP constructed the restau-

rant and, in January 1970, plaintiff took possession of the premises. Plaintiff* has operated the premises as an IHOP restaurant since that date. Plaintiff paid a $50,000 franchise fee, and continues to pay $395 in minimum weekly rent and other charges to IHOP pursuant to the agreements.

In October 1976, an underground water main installed by IHOP during the original construction of the building began to leak, causing flooding problems in the restaurant parking lot. Plaintiff had these leaks repaired at a cost in excess of $2,800. Shortly thereafter, the water main again developed similar leaks. Plaintiff was advised that proper correction of the problem requires excavation of the parking lot and replacement of the water main at a cost of at least $10,000. Additionally, a brick exterior planter wall has deteriorated to the point where it must be rebuilt.

Based on these facts, plaintiff's complaint for declaratory judgment alleges that:

"the 1976 correction of the water main and the corrections presently required of it, as well as the rebuilding of the brick planter wall, do not constitute repairs for which MANDELKE is liable under the terms of said Franchise and Sublease but constitute items, the correction of which is the responsibility of IHOP under the terms of the said Franchise and Sublease."

The complaint further prays:

"A. That the court determine and adjudicate the liabilities and rights of the parties hereto under the said Franchise and Sublease.

B. That the court enter a Declaratory Judgment *** construing Paragraph V of the Sublease as it applies to the controversy existing between the parties.

C. That the court enter judgment in favor of *** MANDELKE and against IHOP in the amount of $2,841.44 ***."

IHOP filed its answer to the complaint denying liability for correcting the condition of the water main or the planter wall. Thereafter, IHOP filed its motion for judgment on the pleadings. The trial court granted IHOP's motion. In doing so, the trial court found as a matter of law that, under the sublease and franchise agreement, IHOP has no obligation to make the repairs to those portions of the

---

*Plaintiff Jerome Mandelke assigned his interest in the franchise and sublease to Mandelke Enterprises, Inc., in September 1980. Mandelke Enterprises is also a plaintiff in this action. However, for purposes of this opinion, we make no distinction between the two.

leased premises complained of in plaintiff's complaint.

Plaintiff filed a motion to vacate the judgment. After a hearing the trial court denied the motion. This appeal followed.

OPINION

It is well settled that a judgment on the pleadings is proper only if questions of law and not of fact exist after the pleadings have been filed. (*Murphy v. Roppolo-Prendergast Builders, Inc.* (1983), 117 Ill. App. 3d 415, 417, 453 N.E.2d 846.) For purposes of review, uncontested, well-pleaded allegations of fact are deemed to be true. (*Kemper v. Worcester* (1982), 106 Ill. App. 3d 121, 123, 435 N.E.2d 827.) Thus it is our duty to ascertain whether the trial court correctly determined that no genuine issue of material fact was presented by the pleadings and, if there was no such issue, whether judgment was correctly entered. (*Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 210, 400 N.E.2d 1105.) With these principles in mind, we now consider plaintiff's claim that the trial court erred in granting IHOP's motion for judgment on the pleadings.

The mere relationship of landlord-tenant creates no duty in the landlord to make repairs to the demised premises absent an express agreement binding him to make repairs or to maintain the property in good repair. (*Baxter v. Illinois Police Federation* (1978), 63 Ill. App. 3d 819, 822-23, 380 N.E.2d 832.) Thus, any duty in IHOP to repair or correct the problems complained of must be determined with reference to the sublease agreement between the parties. *Zion Industries, Inc. v. Loy* (1977), 46 Ill. App. 3d 902, 910, 361 N.E.2d 605.

■ Paragraph V of the sublease unambiguously divides the duty of maintaining the restaurant premises between the parties. IHOP is required to maintain the roof and exterior walls of the building. Plaintiff is required to keep the remainder of the premises "in good condition and state of repair." Thus, the intention of the parties is clear that plaintiff is bound to make the ordinary repairs reasonably required to keep the premises in proper condition, except for the roof and exterior walls of the restaurant. (*Baxter v. Illinois Police Federation* (1978), 63 Ill. App. 3d 819, 821.) Therefore, unless the pleadings raise an issue of material fact as to whether the necessary corrections to the water main and planter wall are outside plaintiff's obligation to keep the premises in proper condition, the trial court properly resolved the issues between the parties by its judgment on the pleadings. *Cf. Botti v. Avenue Bank & Trust Co.* (1982), 103 Ill. App. 3d 1052, 1055, 432 N.E.2d 295.

Plaintiff seeks to avoid the obligation of Paragraph V by reference to a line of Illinois cases which hold that a lessee's repair obligation does not include repairs involving structural changes. (See, *e.g.,* *Baxter v. Illinois Police Federation* (1978), 63 Ill. App. 3d 819, 380 N.E.2d 832; *Koenigshofer v. Shumate* (1966), 68 Ill. App. 2d 474, 216 N.E.2d 195; *Kaufman v. Shoe Corp. of America* (1960), 24 Ill. App. 2d 431, 164 N.E.2d 617.) Plaintiff argues that his complaint raises a genuine issue of material fact as to whether the needed repairs to the premises are ordinary repairs or are of such a character that they constitute structural changes within the obligation of the lessor. We disagree.

Where a lease contains a clause making the lessee generally responsible for repairs, the expense of repairing subsequently discovered defects falls upon the lessee. (*Koenigshofer v. Shumte* (1966), 68 Ill. App. 2d 474, 477, 216 N.E.2d 195.) If, however, the required alterations or additions are of a substantial or structural nature and are made necessary by extraordinary or unforeseen future events not within the contemplation of the parties at the time the lease was executed, the onus of making such alterations and additions falls on the lessor. (*Kaufman v. Shoe Corp. of America* (1960), 24 Ill. App. 2d 431, 436, 164 N.E.2d 617.) Consequently, in instances where the lessee has expressly assumed the duty to keep the leased premises in good repair, the *Kaufman* rule clearly limits shifting liability to the lessor to circumstances where extraordinary or unforeseen events require the creation of something new or the making of important and permanent structural changes and alterations to make the premises tenantable. Our review of the pleadings shows that plaintiff has nowhere pleaded the existence of such extraordinary or unforeseeable events as are necessary to shift liability under the *Kaufman* rule.

As the plain import of Paragraph V of the sublease requires the plaintiff to make repairs to all portions of the premises excluding the roof and exterior walls, and no issue of material fact exists as to the nature of the complained-of repairs, we conclude that liability under the terms of the sublease was properly determined on the pleadings.

Plaintiff also urges that "under the whole scheme of operation" as evidenced by the franchise and sublease agreements, the pleadings raise a question of material fact as to whether IHOP has fulfilled its obligations to provide plaintiff with a building "suitable" for the operation of an IHOP restaurant as provided in the terms of the franchise agreement. We disagree.

██ While it is correct that the terms of the franchise agreement impose an obligation on IHOP to deliver a building suitable for opera-

tion of a restaurant, there are no allegations that IHOP failed to do so; indeed, the uncontested facts show that plaintiff has continuously operated the premises as such for over 14 years. The construction of the two agreements plaintiff urges here would impose a continuing obligation on IHOP to insure that the premises are suitable for use as an IHOP restaurant. However, that obligation has been expressly and unambiguously divided between the parties in Paragraph V of the sublease. To place the entire burden of maintaining the premises in a "suitable" condition on IHOP alone would contravene the clear intention of the contracting parties.

Based on the foregoing, we necessarily conclude that the trial court properly determined that no genuine issue of material fact was raised by the pleadings and properly determined the issues in favor of IHOP as a matter of law. The trial court's judgment on the pleadings is therefore affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.