CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff-Appellee, v. SYED ALI HYDER, Defendant-Appellant.

First District (1st Division)   No. 85—2914

Opinion filed December 22, 1986.

Radhika P. Srivastava, of Chicago, for appellant.

Stone & Hughes, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:
■■ Defendant, Syed Ali Hyder, appeals from an order which granted summary judgment to plaintiff, Continental National Bank & Trust Company of Chicago, as assignee of a retail installment contract executed by defendant for the purchase of an automobile, and awarded plaintiff a deficiency judgment against defendant in the amount of $1645.83. On appeal, defendant contends that: (1) plaintiff's recourse in the event of defendant's default on the contract was confined to repossession of the automobile; (2) plaintiff's repossession

of the automobile through self-help violated defendant's right to due process and was contrary to section 9—503 of the Uniform Commercial Code (the Code) (Ill. Rev. Stat. 1985, ch. 26, par. 9—503); (3) defendant was not properly notified of the sale of the automobile under section 9—504(3) of the Code; and (4) as the result of plaintiff's violations of the Code provisions, defendant is entitled to statutory damages as provided in section 9—507. Contrary to defendant's statement of the issues, we find that the sole issue before this court is whether a genuine issue as to any material fact exists which would render improper the entry of a summary judgment. For the reasons that follow, we conclude that a genuine issue of material fact does exist and remand the cause for a trial on the merits.

The record sets forth the following. On April 25, 1980, defendant purchased an automobile from a car dealership for $7705.50. At the time of the sale, defendant paid $1700 as a down payment and executed a retail installment contract for the balance in favor of the dealership. On April 28, 1980, the dealership assigned its rights, title, and interest in the contract to plaintiff.

Thereafter, on November 6, 1980, pursuant to an agreed order entered in defendant's divorce action, defendant gave possession of the automobile to his wife, who was to assume the payments commencing January 1981. The last payment, which covered the October installment, was made in December 1980. Defendant's wife failed to make any future payments, and, as a result, on January 15, 1981, plaintiff repossessed the automobile, Five days later, plaintiff mailed to defendant a notice of intent to apply for a repossession title as well as a notice of repossession and proposed sale of the motor vehicle. The latter notice informed defendant that plaintiff proposed to sell the vehicle on or after February 11, 1981, at a private sale. There is no dispute that defendant received these notices.

Subsequently, in a letter dated April 2, 1981, plaintiff informed defendant that the automobile had been sold to the highest bidder for $5500, leaving a deficiency of $2001.35. When defendant failed to pay the deficiency, plaintiff filed suit. The parties then filed cross-motions for summary judgment. Defendant claimed that the repossessed vehicle had been sold at a public sale about which he had not been properly notified pursuant to the Code. Plaintiff claimed that the automobile had been sold at a private auction and that defendant had been given proper notice. On March 6, 1984, the court denied defendant's motion for summary judgment. However, no order was entered with respect to plaintiff's motion. Defendant appealed. On September 16, 1985, the appellate court dismissed defendant's appeal in an unpub-

lished Rule 23 order (87 Ill. 2d R. 23) on the ground that it lacked jurisdiction because the trial court's order was not final and appealable. Meanwhile, on September 3, 1985, while disposition of defendant's first appeal was pending, the trial court entered an order granting plaintiff's motion for summary judgment and assessing a deficiency of $1645.85 plus costs against defendant. This appeal followed.

The purpose of summary judgment is not to decide the facts, but to ascertain whether a real factual dispute exists. (*Holbrook v. Peric* (1984), 129 Ill. App. 3d 996, 473 N.E.2d 531.) In so doing, the court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 483 N.E.2d 210), and should allow summary judgment only when the right of the moving party is clear and free from doubt (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867). Upon review of a summary judgment order, the reviewing court must first determine whether the trial court was correct in ruling that no genuine issue of material fact was raised. (*Mandelke v. International House of Pancakes, Inc.* (1985), 131 Ill. App. 3d 1076, 477 N.E.2d 9.) If the record shows that there is a genuine issue as to any material fact, the summary judgment order must be reversed. *Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 450 N.E.2d 756.

In the present case, defendant contends that the automobile was sold at a public auction about which he had not received proper notice pursuant to section 9—504(3) of the Code. As a result of the improper notice, defendant argues that he is entitled to recover damages as set forth in section 9—507(1) of the Code and that plaintiff is barred from recovering any deficiency judgment. Plaintiff counters that defendant's automobile was sold at a private dealer's auction for which notice of private sale was proper under the Code.

In Illinois, the creditor bears the burden of proving compliance with the notice provisions of the Code. (*Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 407 N.E.2d 964.) Section 9—504(3) of the Code states, in pertinent part:

"[R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor ***." Ill. Rev. Stat. 1985, ch. 26, par. 9—504(3).

In the present case, plaintiff's notice of repossession and proposed sale of motor vehicle, mailed to defendant on January 20, 1981, stated that the automobile would be sold on or after February 11, 1981, at a

private sale unless defendant made satisfactory arrangements to redeem the automobile beforehand. Subsequently, on April 2, 1981, plaintiff advised defendant in writing that the automobile had been "sold to the highest bidder for $5500," and, in the affidavit attached to its motion for summary judgment, plaintiff specifically stated that the automobile had been sold at an "auction."

Relying on *Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 407 N.E.2d 964, plaintiff argues that an auction to which only dealers are invited is properly characterized as a "private" sale and, therefore, the notice sent to defendant was proper. In our view, *Chicago City Bank & Trust Co.* does not provide legal support for plaintiff's position for the principal reason that the issue of whether notice of a private sale was sufficient for a dealers' auction was not before the reviewing court. In *Chicago City Bank & Trust Co.*, plaintiff-bank appealed the denial of a deficiency judgment as a matter of law, predicated on the trial court's finding that notice of a private sale was proper notice for a dealers' auction. Because plaintiff-bank had failed to provide a transcript of the trial proceedings, the appellate court was unable to review the evidence to determine whether the trial court's findings were against the manifest weight of the evidence and confined its review to the alleged errors of law, holding that the trial court's findings entitled plaintiff-bank to the deficiency judgment as a matter of law. The reviewing court made no determination as to whether notice of a private sale was sufficient notice for an auction to automobile dealers.

In support of his contention that notice of a private sale is not proper notice of an auction, defendant cites to the Illinois Code Comment to section 9—504 (Ill. Ann. Stat., ch. 26, par. 9—504, Illinois Code Comment, at 342 (Smith-Hurd 1974)), which states, in pertinent part:

> "A public sale under this subsection contemplates a sale by auction. See Official Comment 4 to section 2—706. Pre-Code Illinois decisional law was in accord. [Citations.]"

Official Comment 4 to section 2—706 (Ill. Ann. Stat., ch. 26, par. 2—706, Official Comment 4, at 530 (Smith-Hurd 1963)) states:

> "By 'public' sale is meant a sale by auction. A 'private' sale may be effected by solicitation and negotiation conducted either directly or through a broker."

Based upon the aforementioned, as well as our review of the pleadings, exhibits, and affidavits in the record before this court, we find that a genuine issue of fact exists as to whether defendant received proper notice pursuant to section 9—504(3) of the Code with

respect to the sale of his automobile at an automobile dealers' auction. As a result, we conclude that the trial court improperly granted plaintiff's motion for summary judgment. This decision obviates the need to address the substantive issues raised by defendant.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.

O'CONNOR and BUCKLEY, JJ., concur.