Calhoun Thomas and William M. Shand, Appellees, v. Benjamin Ritholz et al., Individually and as Copartners, Trading as National Optical Stores Company, Appellants.

Gen. No. 41,627.

Opinion filed April 23, 1941.

STEIN & COOPER, of Chicago, for appellants.

No appearance for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

On July 5, 1940, plaintiffs filed their statement of claim in the municipal court of Chicago. They are lawyers practicing in South Carolina and seek to recover for professional services rendered in that State at the special instance and request of the defendants. A summons was issued, returnable July 19, 1940. The bailiff filed a return showing service on the defendants. On July 18, 1940, the attorneys for the defendants filed what they called a special appearance for the sole purpose of quashing service of summons on the defendants. On July 19, 1940, the return day,

the court ruled the defendants to file an affidavit in support of their special appearance. Defendants filed an affidavit by Lillian Gerew. On September 26, 1940, plaintiffs, by leave of court, filed two counter affidavits, one by the deputy bailiff who served the summons, and the other by another deputy bailiff. On October 1, 1940, the court entered the following order:

"This cause coming on for hearing upon motion of the defendants heretofore entered herein to quash service of summons and the court being fully advised in the premises overrules said motion. It is further ordered by the court that the defendants' Special appearance heretofore filed herein stand as the General appearance and rule on defendants to file affidavit of merits in ten (10) days." Defendants prosecute this appeal from the order overruling their motion to quash the service of summons and ordering the special appearance to stand as a general appearance, and pray that the order be reversed. As plaintiffs did not file any appearance in this court, we do not have the benefit of any discussion of the case as viewed from their standpoint.

Section 77 of the Civil Practice Act (par. 201, ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.077]) provides that appeals shall lie to this court where any form of review may be allowed by law, to revise the final judgments, orders or decrees of the trial courts, and from orders granting a new trial where leave to appeal is allowed by us. Section 78 (par. 202, ch. 110) of the act provides for appeals from certain interlocutory orders concerning injunctions and receivers. The appeal in the instant case is from an interlocutory order, but not from such an interlocutory order as is contemplated by section 78 of the Civil Practice Act. The order of the trial court overruling the motion to quash the service of the summons and ordering the special appearance to stand as a general appearance, is not a final order or final

judgment. An appeal does not lie from an interlocutory order overruling a motion to quash the return on the summons. It will be observed that the defendants were ruled to file an affidavit of merits within 10 days. The record before us shows that the cause is still pending. It is interesting to note that the record shows that the so-called special appearance which served the office of a plea was filed by the attorneys for the defendants. In the case of *Pratt v. Harris,* 295 Ill. 504, 507, our Supreme Court said:

"The common law rule is, that a plea to the jurisdiction of the person must be pleaded in person and not by attorney. If pleaded by attorney it admits the jurisdiction of the court." We also call attention to rule 21 of the Supreme Court (par. 259.21, ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 105.21]) which reads:

"Where, after denial by the court of a motion under section 48 of the Civil Practice Act, the defendant pleads over, this shall not be deemed a waiver of any error in the decision denying such motion, and the defendant shall have the right to assign such error on appeal from the final judgment. This rule shall extend to the case where the motion is one attacking the jurisdiction of the court over the person made under a special appearance, and the pleading over by the defendant has involved the entry on his part of a general appearance." Substantially the same language appears in rule 44 of the rules of the municipal court of Chicago.

As the record does not show an appealable order, the appeal is dismissed.

*Appeal dismissed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.