Crane Paper Stock Company, an Illinois Corporation, Plaintiff-Appellee, v. Chicago and North Western Railway Company, a Wisconsin Corporation, Defendant-Counterclaimant-Appellee, and City of Chicago, a Municipal Corporation, Defendant-Appellant.

Gen. No. 51,158.

First District, First Division.

August 4, 1967.

Rehearing denied September 5, 1967.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Ronald S. Cope, Assistant Corporation Counsel, of counsel), for appellant.

Burton Berger and Elmer Gertz, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The plaintiff, Crane Paper Stock Company, brought this action against the City of Chicago and the Chicago and North Western Railway Company to declare the existence of plaintiff's alleged easement; for a mandatory injunction directing the immediate removal by defendants of the concrete pier which supports the Dan Ryan Expressway from this alleged easement; for the restoration of certain railroad tracks upon the property covered by the easement; for an award of damages to plaintiff for the cost and expense involved in establishing the easement; and such other general and affirmative relief deemed proper. The Chicago and North Western filed an answer and a counterclaim against the City based on an alleged indemnification agreement. Judgment was entered on the pleadings granting the specific relief sought by plaintiff and the City was required to indemnify the Chicago and North Western. The motion to vacate the decree was denied and the City appeals.

The complaint was filed on November 13, 1964, alleging that plaintiff is the owner of land on 15th Place west of South Canal Street, which is improved with various buildings used by plaintiff for manufacturing and industrial purposes. Plaintiff's business is dependent

to a great extent upon railroad transportation. Along the southern portion of plaintiff's property, in an easterly and westerly direction, there are a series of railroad tracks owned and maintained by plaintiff for the purpose of providing transportation. Plaintiff purchased the property from the defendant railroad company on November 25, 1959, and also acquired an exclusive easement over a long strip of property 17 feet in width, running in a westerly direction from plaintiff's property over Union Avenue. The easement provided that plaintiff would not use the same unless and until the defendant railroad should discontinue the maintenance of its track facilities upon the property covered by the easement. At the time, the defendant railroad was operating a series of tracks upon the land covered by plaintiff's easement. The use of the tracks gave plaintiff access to railroad service directly from plaintiff's property. Should the railroad company discontinue its track facilities then plaintiff and its successor or assigns had the right to construct and maintain railroad tracks upon the easement.

It was further alleged that on August 1, 1961, the City and the Railroad Company entered into a written agreement granting the defendant City a perpetual easement for the construction of an overhead bridge structure in order to carry a proposed highway across the right-of-way of the railroad; that said agreement provided for the erection upon the easement of a large permanent concrete pier approximately 177 feet in length and three feet in width; that as a result of said permanent pier the easement is no longer available for railroad uses; consequently, during July of 1962, without notice to plaintiff, the defendant railroad removed its tracks from the property covered by the easement and placed said tracks upon a location to the north thereof; that the railroad may, at any time, effectively destroy plaintiff's property by refusing or denying railroad

92

service to plaintiff over the tracks in question, which are not located within the easement property; that in the event plaintiff fails to assert its rights at this time, plaintiff is in danger of losing forever its easement rights, its access by railroad to its property, and consequently plaintiff's entire valuable business. Plaintiff prays that (1) the court declare the nature, extent and existence of plaintiff's easement; (2) that the court, by mandatory injunction, direct forthwith the immediate removal by defendants of the concrete pier and restoration of the railroad tracks; and (3) that suitable damages be awarded plaintiff for the cost and expense involved in the establishment of plaintiff's easement and such other relief deemed proper. Attached to the complaint was a copy of the conveyance by the Railroad Company including the easement.

In its amended answer, the defendant Railroad Company affirmatively asserted, that the alleged easement is not in the nature of a present easement, but rather a right to an easement in the future, which will vest upon the happening of two events:

(a) The discontinuance by defendant Chicago and North Western Railway Company of its operation and maintenance of a specified spur track; and

(b) The failure of the defendant Chicago and North Western Railway Company to furnish railroad service to specified property over any other spur track belonging to the defendant Chicago and North Western Railway Company.

It was admitted, in the answer, that it had relocated the specified spur track but, averred that it "has nevertheless continued to maintain said spur track and operate its trains thereover" and continues to this day to furnish railroad service to the property specified in plaintiff's complaint.

The City, in a short answer, demanded strict proof of certain allegations, and generally denied the allegations of plaintiff, that as a result of the construction of the pier, the property subject to plaintiff's easement is no longer available for railroad uses or, that plaintiff is in danger of losing its easement rights.

Plaintiff then moved for the entry of a judgment in its favor upon the pleadings. A decree was entered on May 18, 1965, holding that plaintiff has an exclusive easement over the involved property, and the defendants were ordered to forthwith remove the concrete pier which is located on plaintiff's easement and restore the spur track which heretofore existed on the easement property. The court retained jurisdiction to determine damages suffered by plaintiff and stated, "that there is no just reason to delay the enforcement of or appeal from this decree." While the decree recited that the matter was heard on stipulation of the parties, to have the matter heard on the pleadings, the record is clear that this stipulation was entered into only by the plaintiff and Railroad Company.

The City contends that the plaintiff does not own a present easement and that its right to use the property can only come into existence upon the happening of a contingency which may never occur. Also, that there is nothing in the record which establishes that a pier holding up a portion of the Dan Ryan Expressway is located on property over which plaintiff claims a future easement, and therefore, a judgment on the pleadings was improper.

 It has long been established in Illinois, that a mandatory injunction may issue to protect the enjoyment of an easement. Ariola v. Nigro, 16 Ill2d 46, 156 NE2d 536. Also, where no material fact is at issue, a motion for judgment on the pleadings may be granted. Sullivan v. Bard, 44 Ill App2d 16, 194 NE2d 18. The question upon appeal is whether the facts and pleadings and inferences drawn therefrom raise a direct issue or any single ma-

terial issue requiring the introduction of proof by the moving party. Thompson v. McGrue, 3 Ill2d 168, 119 NE2d 773.

The warranty deed upon which plaintiff alleges created its easement provides in part:

"[B]ut if said party of the first part (railroad) should discontinue to operate and maintain said spur track and *does not furnish railroad service to said Parcel 'A' over any other spur track belonging to said party of the first part, then in that event and only as a secondary measure,* will said party of the second part (plaintiff) be put to the expense and trouble of establishing his own spur track over said Parcel 'C', for which eventuality said party of the second part is receiving an exclusive easement from said party of the first part." (Emphasis added.)

In its answer The Chicago and Northwestern Railway Company alleges:

"3. Defendant, Chicago and North Western Railway Company, which having relocated the specified spur track, has nevertheless, continued to maintain said spur track and operate its trains thereover.

"4. Defendant, Chicago and North Western Railway Company, continues to this day to furnish railroad service to the property specified in Exhibit A attached to plaintiff's complaint."

The question raised by the pleadings is whether the plaintiff has a present right to use the easement. We believe that plaintiff can not exercise its rights of easement until and unless the railroad fails to provide railroad service to "said parcel A" and we so hold. The railroad says it still maintains this service and therefore, in our opinion, creates questions of genuine issue of material fact that

95

require the taking of testimony and cannot be determined on the pleadings alone.

■ There also appears from the pleadings and the briefs filed in this court, that there is a dispute as to whether the concrete pier complained of is on the site of the future easement. We believe this also raises a question of fact. We see no merit to the contention by the City, that plaintiff's alleged easement is void, because it violates the rule against perpetuities or, that plaintiff is guilty of laches.

■ It further appears that on December 15, 1963, the ownership and control of the Dan Ryan Expressway was turned over to the State of Illinois, and that the pier in question is an integral part of the Expressway. We agree with the City that there cannot be a proper adjudication of the issues of this case without the State being made a party. The rule in chancery pleading and practice is that all persons who are legally or equitably interested in the subject matter and the result of the suit must be made parties. Oglesby v. Springfield Marine Bank, 385 Ill 414, 52 NE2d 1000.

For the above reasons we feel that the decree of the Chancellor should be reversed and the cause remanded for the presentation of evidence to resolve the disputed facts.

The order is reversed and the cause is remanded with directions to proceed in accordance with this opinion.

Decree reversed and cause remanded with directions.

MURPHY, P. J. and ADESKO, J., concur.