(No. 44380.–

CRANE PAPER STOCK COMPANY *et al.*, Appellants, v. CHICAGO AND NORTHWESTERN RAILWAY COMPANY *et al.*, Appellees.

*Opinion filed March 18, 1976.*

62

William J. Scott, Attorney General, of Chicago (Edward J. Barrett and Robert J. Meyers, Assistant Attorneys General, of counsel), for appellant State of Illinois.

Yale Stein, of Skokie, for appellants Crane Paper Stock Co. *et al.*

James P. Daley and Thomas E. Greenland, of Chicago, for appellee Chicago and North Western Railway Co.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

In 1964 plaintiff, Crane Paper Stock Company, initiated this lawsuit against defendants Chicago and Northwestern Railway Company (hereinafter Company) and the City of Chicago alleging that in connection with a 1959 purchase of property from the Company plaintiff was also granted an exclusive easement over a long narrow strip of land connecting plaintiff's property and the Company's main tracks. Plaintiff's industrial and manufacturing buildings were then receiving from defendant rail service necessary to plaintiff's successful business operations over spur tracks owned and maintained by the Company on the site of the easement. Conveyance by the Company to plaintiff of the easement was for the purpose

of enabling plaintiff, should the Company at some future date discontinue service, to install its own spur tracks, and thus insure continued rail service. The deed creating the easement expressly provided in part:

"if said [Company] should discontinue to operate and maintain said spur track and does not furnish railroad service to [plaintiff's property] over any other spur track belonging to [the Company], then and in that event and only as a secondary measure, will said [plaintiff] be put to the expense and trouble of establishing his own spur track over [the easement property], for which eventuality [plaintiff] is receiving an exclusive easement from [the Company]."

Plaintiff further alleged that in 1961 the Company granted the City of Chicago a perpetual easement for the construction of a bridge over the tracks as part of the Dan Ryan Expressway. This agreement, it was alleged, also provided that the City could erect a permanent concrete supporting pier approximately 177 feet long and 3 feet wide; that as a result of the construction of the pier, the easement was no longer available for railroad use, as a consequence of which the Company removed its tracks from the easement and placed them upon property to the north of the easement.

Plaintiff prayed that the court (1) declare the nature, extent and existence of plaintiff's easement; (2) order the immediate removal of the concrete pier and restoration of the spur track; and (3) award suitable damages for the cost and expense involved in the establishment of plaintiff's easement.

The Company answered that plaintiff's easement was in fact only a right to an easement in the future, which would vest only if the Company should totally discontinue rail service to plaintiff's business. The Company affirmatively asserted that it continued to furnish railroad service to plaintiff's business over the spur track that had been relocated from the easement property after construction of the pier. The Company also sought relief from the City

based on an alleged indemnification agreement. The answer of the defendant city generally denied the allegations of the complaint and demanded strict proof.

During 1965 the trial court allowed plaintiff's motion for summary judgment, holding that plaintiff had acquired an exclusive, presently effective easement; ordered defendants to remove the concrete pier and restore the spur track to its original location; and ordered the City to indemnify the Company.

From that judgment the City appealed, and the Appellate Court for the First District reversed (86 Ill. App. 2d 90), holding that the plaintiff had no right to use the easement until the Company failed to provide service to plaintiff's property. Since the Company alleged that it still maintained this service over its relocated spur track, the appellate court held the pleadings disclosed a genuine issue of material fact rendering the summary judgment erroneous. That court also held that the pleadings and appellate briefs raised a question of fact as to whether the concrete pier actually had been constructed on the easement site. Stating that the ownership and control of the Dan Ryan Expressway, of which the pier was an integral part, had been transferred to the State of Illinois, the appellate court further suggested that there could not be a proper adjudication of the issues in the case unless the State were made a party. For these reasons, the court reversed the summary judgment and remanded the cause "for the presentation of evidence to resolve the disputed facts." 86 Ill. App. 2d 90, 96.

Despite the appellate court remand for the presentation of evidence on the factual questions, no further evidence was presented. Instead, plaintiff filed an amended complaint and a supplemental complaint, both of which were stricken. Plaintiff then filed a second amended complaint and an amended supplemental complaint. These new complaints added several corporate and individual plaintiffs and joined the State of Illinois as defendant.

Portions of plaintiff's original complaint were realleged, and several other theories of recovery were added, the most prominent alleging conspiratorial misconduct between the City and the Company resulting in serious and continuing injury to plaintiff's business.

The State of Illinois, through the Attorney General, filed its general appearance after having been served with summons. Shortly thereafter, the State filed a motion to withdraw its general appearance and for leave to file a special and limited appearance for the sole purpose of objecting to the jurisdiction of the trial court on the ground that section 26 of article IV of the 1870 Constitution prohibited the inclusion of the State of Illinois as defendant. At about the same time, the Company filed a motion to strike plaintiff's most recent complaints. The trial court, in February, 1971, denied the State's motion to withdraw its general appearances, and granted the Company's motion to strike the second amended complaint and the amended supplemental complaint. In both orders, the trial court indicated there was no just reason for delaying enforcement or appeal. 43 Ill. 2d R. 304(a).

The State appealed directly to this court relying on our former Rule 302(a)(2), since the case involved a question arising under the constitution of this State. (43 Ill.2d R. 302(a)(2).) Plaintiff cross-appealed and appealed separately from the order striking its most recent complaints. 43 Ill.2d R. 303(a).

The State argues that the February, 1971, order was a "final order" and thus appealable under Rules 302(a)(2) and 304(a) since the trial court entered an express written finding that there was no just reason for delaying enforcement or appeal. Of course, the inclusion of the special finding in the trial court's order cannot confer appellate jurisdiction if the order is in fact not final. (*Martino v. Barra* (1967), 37 Ill.2d 588, 594-95; *Davis v. Childers* (1965), 33 Ill.2d 297, 300-01; 43 Ill.2d R. 304(a),

Committee Comments.) The order here appealed from denied the State's motion to withdraw its general appearance and for leave to file a special and limited appearance for the purpose of objecting to the jurisdiction of the trial court. Although this court has not spoken to the issue, two panels of the appellate court have held that denial of a motion to file a special and limited appearance is not a final, appealable order. (*Irvin v. Poe* (4th Dist. 1974), 18 Ill. App. 3d 555; *People ex rel. Department of Public Health v. Brown* (5th Dist. 1968), 96 Ill. App. 2d 355.) The State further argues, however, that its motion should be characterized as equivalent to a motion to quash service of summons, noting that this court has held an order *granting* a motion to quash service of summons is final and appealable (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569). It urges that the converse should also be true, *i.e.,* an order denying the motion should be final and appealable. Again, although this court has never decided the issue, two panels of the appellate court have held that the denial of a motion to quash service of summons is neither final nor appealable (*People ex rel. Department of Public Health v. Brown* (5th Dist. 1968), 96 Ill. App. 2d 355; *Thomas v. Ritholz* (1st Dist. 1941), 310 Ill. App. 166.) Furthermore, the great weight of authority in other jurisdictions is to the same effect. (See Annot. (1953), 30 A.L.R.2d 287, 290-96.) The order denying the State's motion to withdraw its general appearance neither terminates the litigation on its merits nor settles the rights of the parties in any respect. It is not, in our opinion, a final order.

Notwithstanding the interlocutory nature of the order, there are elements present in this litigation that lead us to conclude it to be an appropriate occasion for the exercise of our supervisory authority. (Ill. Const. (1970), art. VI, sec. 16; *Brokaw Hospital v. Circuit Court* (1972), 52 Ill.2d 182.) This case commenced more than 11 years ago, and there has not yet been a hearing on the merits

even though this is the second appeal. If the State correctly argues that it cannot be made a defendant here without its consent, the improvident use of taxpayer's money can be avoided by considering the issue now rather than by delaying the State's dismissal until a subsequent appeal is properly before us.

The State urges that the provisions of section 26 of article IV of the 1870 Constitution prohibit making it a defendant without its consent. That section reads: "The state of Illinois shall never be made defendant in any court of law or equity." That provision governed the attempted joinder here, for pursuant to the transition schedule of the Constitution of 1970, the sovereign immunity provision of the Constitution of 1870 remained in effect until January 1, 1972. (Ill. Const. (1970), trans. sched., sec. 1(e).) This court recognized the continued viability of the doctrine of sovereign immunity under the Constitution of 1870 in *Edelen v. Hogsett* (1969), 44 Ill.2d 215, 217. The State can consent to suit, but only by the affirmative action of the General Assembly. There is no evidence of legislation conferring consent in this case. Nor can the right of the State to claim immunity from suit be waived solely by the filing of a general appearance in the trial court. (*People v. Sanitary District* (1904), 210 Ill. 171, 173-74.) Accordingly, we hold that the trial court improperly denied the State's motion to withdraw its general appearance, and the State is dismissed as a defendant in this litigation. We note, however, that the State has expressed an interest in the form of relief which may ultimately be granted in this suit. Our dismissal of the State as a defendant does not, of course, preclude the trial court from allowing its voluntary intervention.

Plaintiff in its appeals argues that the second amended complaint and amended supplemental complaint, which included additional parties and additional theories of recovery, were improperly stricken. Generally speaking, "When a decree is reversed and the cause is remanded

without specific directions, the judgment of the court below is entirely abrogated, and the cause stands there as if no trial had occurred. \*\*\* [The trial court] may permit amendments to the pleadings or the introduction of further evidence, so long as such steps are not inconsistent with the principles announced by the court of review \*\*\*." *Kinney v. Lindgren* (1940), 373 Ill. 415, 420.

The appellate court in the present case, in reversing the summary judgment, remanded "for the presentation of evidence to resolve the disputed facts" and "with directions to proceed in accordance with this opinion." (86 Ill. App. 2d 90, 96.) While those directions clearly limit the action of the trial court as to the pleadings then before it, they do not preclude further amendments if the trial court, in the exercise of its sound discretion, deems them appropriate. Section 46 of the Civil Practice Act permits amendments on just and reasonable terms, introducing new parties or new causes of action, at any time before final judgment:

> "(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand.
>
> (2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading \*\*\*." (Ill. Rev. Stat. 1973, ch. 110, pars. 46(1), (2).)

Similarly, section 39 permits supplemental pleadings by leave of court, if filed within a reasonable time:

> "Subject to rules, supplemental pleadings, setting up matters which arise after the original pleadings are filed, may be filed within a reasonable time by either party by leave of court and upon terms, but no pleading in the nature. of a plea puis darrein continuance is a waiver of other answers or defenses." (Ill. Rev. Stat. 1973, ch. 110, par. 39.)

It is apparent from the record before us that the trial judge believed himself precluded by the terms of the appellate court's remanding order from allowing further amendments or supplemental pleadings to stand. In this he erred. To the extent that such additional pleadings were considered by him to be permissible under sections 46 and 39, he was not required to strike them. While the stricken pleadings are scarcely models of clarity, and we express no opinion as to their propriety or sufficiency, we vacate the order striking them in order that the trial judge may consider those questions.

Plaintiff raises two other issues which can be summarily disposed of. The trial court order also denied plaintiff's renewed motion for summary judgment, and plaintiff's cross-petition, which primarily sought leave to add and serve with summons nine additional parties defendant. Since the original appeal was from a summary judgment for plaintiff, and the appellate court reversed because of the existence of factual issues, the trial court was clearly precluded from entering another summary judgment for plaintiff. Plaintiff's cross-petition, like the amended and supplemental pleadings, was denied because of the trial court's mistaken belief as to the effect of the appellate court remanding order. We accordingly vacate the order of denial to permit the trial judge to reassess the propriety of the cross-petition. We express no opinion on that question.

Plaintiff urges additional arguments going to the merits of the complaint. They are not properly before us and we do not consider them.

Accordingly, the trial court orders of February 26, 1971, are affirmed insofar as they deny plaintiff's motion for summary judgment. In all other respects those orders are vacated and the cause is remanded for further proceedings consistent with this opinion.

*Affirmed in part and vacated in part and remanded.*