HOWARD C. SHAW, JR., Plaintiff-Appellee and Appellant, v. DONALD W. MILLER et al., Defendants-Appellants and Appellees.—(K. J. MILLER et al., Defendants-Appellees.)

Second District    No. 77-209

Opinion filed October 10, 1978.

Stuart West, of Brumlick, West & Steinberg, and William J. Harte, both of Chicago, for appellants.

William C. Murphy, Richard L. Horwitz, and David W. Oakes, all of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, and John J. Lowrey, of Chicago, for appellees.


Mr. JUSTICE BOYLE delivered the opinion of the court:

Howard C. Shaw, Jr., plaintiff-appellee, cross-appellant and appellant, hereinafter plaintiff, brought an action against certain defendants for an accounting and dissolution of defendant, Industrial Investment Company, a partnership. The partnership had been formed by the plaintiff and defendant-appellant and cross-appellee, Donald W. Miller, to acquire the complete ownership of K. J. Miller Corporation, defendant-appellant and cross-appellee, hereinafter the Corporation. Following a hearing, the trial court found in favor of plaintiff and assessed damages of $115,560 against the Corporation. Subsequently, the trial court amended its order and assessed damages against Donald W. Miller and the Corporation, jointly and severally, in the sum of $115,560. The defendants-appellees, K. J. Miller, Florence F. Miller, and Industrial Investment Company, were dismissed as parties defendant at the close of the evidence by the trial court. Donald W. Miller and the Corporation appeal from the entry of the judgment against them. Plaintiff cross-appeals from the trial court's award as to the amount of damages and also appeals the dismissal of the defendants-appellees, K. J. Miller, Florence F. Miller, and Industrial Investment Company, as parties defendant.

The issues presented by the main appeal are: (1) Whether the trial court's finding as to liability against Donald W. Miller and the Corporation and its award of damages were against the manifest weight of the evidence; and (2) Whether the trial court committed prejudicial error in making certain evidentiary rulings.

The relevant issues presented by plaintiff's cross-appeal are: (1) Whether the trial court's award of damages was erroneous; and (2) Whether the trial court erroneously denied plaintiff's request for compensatory and punitive damages. Additionally, in plaintiff's appeal-in-chief, he contends that the trial court's finding that K. J. Miller and Florence F. Miller were not guilty of fraud was against the manifest weight of the evidence.

After a review of the records and briefs and a consideration of the arguments, we affirm the judgment of the circuit court of Du Page County.

A recitation of the material facts is necessary for an understanding of our decision. In 1968, Donald W. Miller and plaintiff entered into a partnership entitled the Industrial Investment Company. The partnership agreement was reduced to writing in 1968 but was not signed until 1974. The pertinent sections of this agreement specified that Donald W. Miller was

to acquire all the shares of the Corporation stock and transfer all of this stock to the partnership. The shares of stock which Donald W. Miller did not yet own were to be acquired from his father, K. J. Miller, in exchange for a pension agreement that provided that K. J. Miller and Florence F. Miller would receive an annual pension of $12,000 per year from the Corporation, plus regular adjustments for cost of living increases. The agreement further provided that if Donald W. Miller should cease to be affiliated with the Corporation, K. J. Miller and Florence F. Miller had the right to demand a bond or other security assuring the payment of their annual pension. If the partnership intended to dispose of this stock, it had to give written notice to K. J. Miller and Florence F. Miller, who then had the option to repurchase the stock of the Corporation for an agreed consideration of $100 plus an amount equal to the net worth of the Corporation in excess of $58,000 as of the day of the notice. Under the dissolution proviso of this agreement, either partner had the right to retire from the partnership at the end of any calendar year upon written notice of his intent to terminate 90 days in advance of the date of termination. Upon such notice, the remaining partner had the right to purchase the terminating partner's entire interest in the partnership or to conclude and liquidate the partnership.

At the inception of this agreement, Donald W. Miller issued a personal note for $40,000 to K. J. Miller and Florence F. Miller in exchange for their stock in the Corporation and the partnership's additional promise that they would receive the above annual pension from the Corporation. The stock in the Corporation was the principal asset of the partnership.

The partnership proceeded amicably from 1968 through 1974, wherein its net worth had increased from $58,000 in 1968 to $253,935 at the conclusion of 1973. Sales and other related items had also increased proportionately during this time. From the partnership's beginning in 1968, plaintiff was in charge of the corporation's sales which consisted primarily of the sale of air compressors and a paint spray gun. During the latter part of 1973 and all of 1974, the parties started to discuss the partnership's direction and what various solutions were available to its problems. This culminated on November 13, 1974, when Donald W. Miller delivered a letter to both plaintiff and K. J. Miller informing them of his intent to withdraw from the partnership. Upon receipt of this notification, K. J. Miller, who was 75 years old, provided Donald W. Miller with a letter expressing his election to exercise his option to purchase back all of the shares of the Corporation held by the Industrial Investment Company at a price of $100 plus the net worth of the company in excess of $58,000. This option was exercised and the stock purchased for $100 because the net worth of the company was then less than $58,000. Also, on November 13, 1974, the board of directors of the Corporation met and terminated

plaintiff as an employee. Thereafter, the within lawsuit was commenced.

At trial, two witnesses testified concerning the valuation of the Corporation. Defendants' C.P.A. prepared a certified statement that the Corporation's stock had a net worth of approximately minus $62,000 at the end of 1974 as opposed to its 1973 net worth of approximately plus $254,000. This change was brought about by the C.P.A.'s insertion on the balance sheet for the first time a life annuity payable of $311,145 as a liability and an additional counterbalancing entry of $311,145 for good will. This change in the balance sheet was apparently made to provide for the annuities of K. J. Miller and Florence F. Miller, who at the time of entry were 76 years old and had an annuity of $12,000 per year for the remainder of their lives. Plaintiff's expert, on the contrary, valued the stock of the Corporation at between $380,000 and $410,000 as of the date of the dissolution of the partnership.

Donald W. Miller and the Corporation contend that the trial court's determination as to their liability was against the manifest weight of the evidence and that the trial court's award of damages was palpably erroneous and arbitrary. We disagree.

It is axiomatic that the trial court's findings in matters of evidence and credibility will not be disturbed on appeal unless its findings are clearly contrary to the manifest weight of the evidence. (*Wakefield v. Kern* (1978), 58 Ill. App. 3d 837, 374 N.E.2d 1074; *Yale Development Co. v. Texaco, Inc.* (1977), 51 Ill. App. 3d 616, 366 N.E.2d 892.) Our review of this record conclusively establishes that Donald W. Miller and the Corporation were liable and that plaintiff was entitled to a proportionate share of the net book value of the partnership assets as of the date of dissolution.

■■ ■ The trial court herein was presented with widely divergent appraisals from qualified financial experts who testified relevant to this question of fact as to the value of the partnership assets as of the date of dissolution. This expert testimony was provided for in paragraph 12(a) of the partnership agreement, which stated that upon dissolution the parties or their personal representative "shall each appoint a competent appraiser and both appraisers shall determine the value of the partnership interest to be sold * * *." It is axiomatic that the trial court must weigh the conflicts in testimony and evidence in reaching the question of fact in regard to the appropriate valuation of the cost of assets. (*Marth v. Illinois Weather-Seal, Inc.* (1977), 50 Ill. App. 3d 577, 365 N.E.2d 588.) In the instant case, we believe the trial court weighed the conflicting testimony of these appraisal experts as to the appropriate valuation of the partnership at dissolution and properly rendered a judgment for plaintiff and against Donald W. Miller and the Corporation for $115,560—a compromise sum somewhere

between the highest and lowest appraisals. This judicial award of damages was clearly not against the manifest weight of the evidence considering the scope and magnitude of that evidence.

Donald W. Miller and the Corporation next argue that they "failed to receive justice because the trial court was prejudiced or biased." This dubiously asserted contention is supposedly founded on certain rulings by the trial court in regard to the admissibility of evidence and testimony which Donald W. Miller and the Corporation aver were erroneous. It would unduly prolong this opinion to set forth the sum and substance of each of these numerous allegations. It is sufficient to note that this court has considered each of the alleged erroneous rulings by the trial court and conclusively finds that the trial court did not abuse its discretion in making each of these rulings. (*Ferdinand v. Yellow Cab Co.* (1976), 42 Ill. App. 3d 279, 355 N.E.2d 547.) Additionally, we find the parties' related contention that the trial court was prejudiced or biased to be completely unsupported by the record and to be unworthy of further elaboration in light of the total lack of substantiation of such charges.

Plaintiff's first contention in his cross-appeal that the trial court's award of damages was erroneous and against the manifest weight of the evidence is also without merit. As previously stated, the trial court's judgment herein as to the weight and credibility in matters of evidence will not be disturbed because such judgment clearly was not against the manifest weight of the evidence.

Plaintiff's final contention on cross-appeal is that the trial court erroneously denied his request for compensatory and punitive damages. We disagree.

■■ It is well settled that the allowance of punitive damages is a matter within the court's discretion to determine and its decision will not be disturbed in the absence of any abuse of discretion. (*Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 344 N.E.2d 805.) In addition, punitive damages are properly awarded where the actions of the defendant are concomitant with circumstances which demonstrate wantonness, willfulness, malice, fraud, oppression, violence and recklessness. *Blivas & Page, Inc. v. Klein* (1972), 5 Ill. App. 3d 280, 282 N.E.2d 210.

Our examination of the record does not reveal such aggravated circumstances of recklessness or fraud which would justify an award of punitive damages. Certainly, the parties terminated their relationship on less than amicable terms. However, the actions of Donald W. Miller and the Corporation were at all times based on a valid partnership agreement and repurchasing contract, none of whose terms was fraudulent, malicious or oppressive. Accordingly, the trial court appropriately denied plaintiff's request for compensatory and punitive damages.

In his appeal-in-chief, plaintiff argues that the trial court's finding that K. J. Miller and Florence F. Miller were not guilty of defrauding plaintiff was against the manifest weight of the evidence. Plaintiff contends that K. J. Miller and Florence F. Miller were part of a conspiracy to defraud plaintiff of his rightful share of the partnership. Plaintiff interprets the activity of K. J. Miller and Florence F. Miller in protecting and enforcing their rights under their contract with Donald W. Miller as all part of one giant conspiracy. We disagree.

We interpret the steps taken by K. J. Miller and Florence F. Miller in asserting and protecting their contractual rights to buy back the Corporation's stock to be perfectly permissible activity predicated on a definite protectible contract interest. Consequently, the trial court properly dismissed K. J. Miller and Florence F. Miller from this proceeding because no demonstrable conspiracy to defraud had been established.

The partnership, Industrial Investment Company, was made a party defendant in the trial court and an appellee herein. No liability has been asserted in the briefs against the partnership and any sought relief against it has been fully treated in our rulings as to the respective partners. The appeal against Industrial Investment Company is accordingly denied.

For the above recited reasons, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

WOODWARD and GUILD, JJ., concur.