NORTH SHORE MARINE, INC., *et al.*, Plaintiffs and Counterdefendants-Appellants, *v.* HENRY ENGEL, Defendant and Counterplaintiff-Appellee.— (LEON M. ORLOFF, Cross-Plaintiff-Appellee, *v.* NORTH SHORE MARINE, INC., *et al.*, Cross-Defendants-Appellants—(HENRY ENGEL, Cross-Defendant-Appellee).)

Second District   No. 78-261

Opinion filed February 20, 1980.

John W. Hough, of Howington, Elworth, Osswald & Hough, of Chicago, for appellants.

Emanuel Gordon, of Chicago, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:
Plaintiff-appellants, North Shore Marine, Inc. and Edward Poloway appeal from a judgment of the Circuit Court of Lake County ordering

them to pay damages to counterplaintiff, Henry Engel, and cross-plaintiff, Leon Orloff.

This case involves a three-way dispute over the sale of a boat. North Shore Marine, Inc., the operator of a boat marina, brought this action to require Henry Engel, the owner of the boat, to assign the title of the boat to Leon Orloff, the purchaser of the boat. Engel counterclaimed for breach of warranty, and Orloff filed a cross-complaint against North Shore and Engel for specific performance and for damages for the failure to convey title. The trial court entered judgment in favor of Engel and against North Shore and Poloway on the counterclaim and in favor of Orloff and against North Shore and Poloway on the cross-complaint. North Shore and Poloway appeal.

Edward T. Poloway, now the president and sole stockholder of North Shore Marine, Inc., operated a boat marina as a sole proprietorship in Waukegan, Illinois, in 1975. On May 7, 1975, Poloway sold Engel a 23-foot glasspar boat for $14,127.40. In July 1975, Poloway sold Engel a boat trailer for $1,434.40. Engel docked the boat at Poloway's marina. Throughout the summer of 1975, Engel made numerous complaints to Poloway in regard to defects in the boat, and in response, certain repairs were made on the boat. Engel used the boat throughout the 1975 season and clocked 193.8 running hours on the engine. Engel testified that because of the defects and inadequate repairs he asked Poloway for a new boat or for his money back. Poloway testified however, that Engel authorized him to sell the boat because he wanted to buy a larger one.

On November 8, 1975, Poloway sold the boat to Orloff for $11,200. Engel refused to accept the money or convey title, claiming there was no authorization to sell.

While Orloff was in possession of the boat he made numerous improvements. Orloff used the boat during the 1976 season, but ceased using it after September 1976. In the autumn of 1976, a man named Drzyzga offered to buy the boat from Orloff for $12,500. Drzyzga did not purchase the boat because his banking advisers recommended against it.

On February 15, 1977, North Shore filed this action against Engel. Engel counterclaimed against North Shore, and Orloff filed a cross-complaint against both North Shore and Engel. On December 12-15, 1977, a hearing was held on the three complaints. At the beginning of the trial, the court ordered all witnesses, except the parties, excluded from the courtroom. The court allowed North Shore to choose a corporate officer to remain in the court, and North Shore chose the corporate secretary. Later, during the trial of the counterclaim, it became known that North Shore was not incorporated at the time of the transaction. As a result, Engel moved to amend the counterclaim to add Poloway as an individual defendant. In addition he moved to amend the countercomplaint to

conform to the proof by adding a count for conversion. The trial court granted both of Engel's motions, and further denied Poloway's motion to reopen the case. The case proceeded with the cross-complaint and Poloway was allowed to remain in the courtroom. When Poloway subsequently tried to testify, the trial court sustained an objection to his testimony on the ground that he had been present during the hearing on the cross-claim.

On December 19, 1977, the trial court entered its order which found: (1) Poloway and North Shore were guilty of willful and wanton conduct and Engel was entitled to recover punitive damages, (2) that Engel was entitled to recover $15,561.40, the value of the boat converted, (3) that Orloff was a bona fide purchaser and therefore entitled to retain the boat. As a result of these findings, the trial court entered the following orders: (1) North Shore and Poloway were to pay Engel $15,561.40, (2) Orloff would retain possession and ownership of the boat and Engel would assign title to him, and (3) Orloff was entitled to recover $6,390 from North Shore and Poloway in damages. The trial court declined to award punitive damages in light of Poloway and North Shore's poor financial situation. Poloway and North Shore's post-trial motion was denied and this appeal followed.

Four issues are raised on appeal: (1) whether the trial court erred in allowing Engel to amend the countercomplaint to allege conversion and to join an officer of the plaintiff-corporation as an individual counter-defendant, (2) whether the trial court's measure of damages for conversion was proper, (3) whether the trial court erred in refusing to allow Poloway to testify, and (4) whether the trial court's award of damages on the cross-complaint was against the manifest weight of the evidence.

I.

■■ Section 46(3) of the Civil Practice Act provides that "[a] pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1977, ch. 110, par. 46(3).) A motion to amend is addressed to the sound discretion of the trial judge. The key question is whether the amendment will be in furtherance of justice. Once a trial has begun, an amendment which is prejudicial or would alter the nature and quality of proof required to defend should not ordinarily be allowed as to matters which the pleader had full knowledge at the time of interposing the original pleading if no excuse is presented for not putting its substance in the original pleading. *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 165, 356 N.E.2d 164, 169.

In this case North Shore claims that it was surprised and prejudiced

by the addition of a conversion count, that it was unable to prepare an appropriate defense and that there was no excuse for the delayed amendment since Engel had full knowledge of the underlying facts at the time the countercomplaint was filed. However, the countercomplaint, which was generally phrased in terms of breach of warranty, included the following allegation: "That the counter-defendant did thereupon * * * sell the boat and trailer involved herein to a third party without the knowledge, consent or authority of the counter-plaintiff." In addition, the heart of North Shore's claim depends upon its ability to prove that it was authorized to sell the boat. Therefore the central factual issue in a conversion count was already fully before the court under North Shore's complaint. Thus we find North Shore's claim of prejudice and surprise to be groundless. We also see no error in the trial court's refusal to allow North Shore to reopen the evidence since the question of North Shore's authority to sell had already been fully litigated.

■■ Poloway also claims that the trial court erred in joining him as an individual defendant since his exclusion from the courtroom during the trial of the claim and counterclaim deprived him of his constitutional right to be present during a trial in which he is a party. Under section 46(1) of the Civil Practice Act, "[a]t any time before final judgment, amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant." (Ill. Rev. Stat. 1977, ch. 110, par. 46(1).) Since North Shore was not incorporated at the time of the transaction, the possibility of Poloway's liability is apparent. He is clearly a "party who ought to have been joined." On the other hand, it is well established that a party to an action has the right to be present during the trial. (88 C.J.S. *Trials* §40 (1955).) Although the trial court has the power to exclude witnesses from the courtroom, a party to the action who is also a witness cannot be included under this rule. 88 C.J.S. *Trials* §68 (1955); *Kopplin v. Kopplin* (1946), 330 Ill. App. 211, 71 N.E.2d 180; *Grant v. Paluch* (1965), 61 Ill. App. 2d 247, 210 N.E.2d 35.

■■ In the instant case, Poloway claims the trial court erred in adding him as an individual defendant since he had previously been excluded from the courtroom and thus was unable to assist his attorney in preparing his defense. Engel responds that Poloway was provided an opportunity to be present during the trial when the court indicated that one officer of the corporation could remain in the courtroom. Instead, Poloway chose the corporate secretary as the representative. Moreover, we find that any problem was created by the party who now complains. Poloway knew that he was not incorporated at the time of the transaction and yet he brought suit in the corporate name. Furthermore, since this is a closely held corporation, the interests of the corporation and its sole shareholder would appear to be virtually identical. In addition, any defense available

to Poloway individually would also have been available to the corporation and presumably presented in its case. Unlike the excluded party in *Kopplin*, Poloway has offered no indication of how he was actually prejudiced by the exclusion. In sum, we find no error in the trial court's adding Poloway as an individual counterdefendant.

## II.

■■■ North Shore and Poloway next contend that the trial court erred in awarding $15,561.40 as damages for the wrongful conversion of the boat since this amount represented the purchase price of the boat and trailer rather than the fair market value of the goods at the time of the conversion. Engel concedes that the proper measure of damages for conversion is the fair market value of the goods at the time of the conversion. However, Engel argues that the difference can be justified as either punitive damages or prejudgment interests. In support of this argument, Engel notes that the trial court specifically found that he was entitled to recover punitive damages. We are not persuaded. When the trial court's order gives no indication that the award is intended to serve as punitive damages, the award cannot be affirmed on that basis. (*Chicago Title & Trust Co. v. Walsh* (1975), 34 Ill. App. 3d 458, 471, 340 N.E.2d 106.) Furthermore, the amount of punitive damages is a matter to be determined by the sound discretion of the trial court (*Shaw v. Miller* (1978), 64 Ill. App. 3d 743, 381 N.E.2d 985), and therefore not ordinarily a question for the appellate court in the first instance. The award of damages therefore cannot be affirmed as punitive damages.

■■ The excess damages also cannot be justified as prejudgment interest. In Illinois, the allowance of prejudgment interest is governed by statute. (Ill. Rev. Stat. 1977, ch. 74, par. 2.) A party is entitled to recover prejudgment interest only where the money due is a liquidated amount or subject to easy computation. (*Stevenson v. ITT Harper, Inc.* (1977), 51 Ill. App. 3d 568, 366 N.E.2d 561.) Thus, the recovery of interest is allowed only if it could be said that the relationship of debtor and creditor existed between the parties. (*Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 226 N.E.2d 270.) In this case, since the amount owing is based upon the value of the boat at the time of the conversion, an amount which is not easily ascertainable, prejudgment interest would not be proper.

At trial, Poloway testified in some detail as to his manner of appraising boats and valued the boat and trailer at $12,500 just prior to delivery to Orloff. There was also testimony concerning an attempted sale of the boat for $11,200. After reviewing the evidence presented, we find the proper measure of damages for conversion to be $12,500 and not $15,561.40. Accordingly, under Supreme Court Rule 366(a), we hereby

modify the order of the trial court to reflect $12,500 as damages for conversion. Ill. Rev. Stat. 1977, ch. 110A, par. 366(a).

## III.

■■ Poloway's third contention is that the trial court erred in refusing to allow him to testify in his own defense on the cross-complaint on the basis that he had been present in the courtroom throughout the hearing on the countercomplaint. It is undoubtedly error to refuse to allow a party to testify merely because he had been present throughout the proceeding. A party's right to be present during the trial cannot be conditioned upon his sacrificing the right to testify in his own behalf. To force a party to choose between these two equally important rights would seriously impair our judicial process. Notwithstanding the seriousness of this alleged error, we find that Poloway acquiesced in the error.

■■ When Poloway began testifying, Engel's counsel objected on the ground that Poloway had been present in the courtroom during all of the testimony contrary to the court's exclusion. The trial court then indicated that it would sustain the objection. The following interchange then took place:

"MR. HOUGH [Poloway's Attorney]: I think, your Honor, because this man has been made a party to the action—as of yesterday, he was made a party to the action—I withdraw the witness.

Sir, leave the stand.

[Witness excused.]

MR. HOUGH: On his motion, he was made a party to the action.

MR. GORDON [Engel's Attorney]: That's true.

MR. HOUGH: The record stands, sir.

THE COURT: If you want to change your mind—

MR. HOUGH: I will not reoffer him. I will accept his objection, it will stand. He objected; it's on the record.

I rest."

Although there was no basis for refusing to allow Poloway to testify, his counsel acquiesced in this decision. The above-quoted statements indicate that he had nothing further to present to the court. This conclusion is supported by the fact that he failed to make an offer of proof in regard to Poloway's testimony. Under these circumstances, we hold that no reversible error was committed.

## IV.

Finally, North Shore and Poloway contend the trial court's order that title to the boat executed in favor of Orloff fully compensated him for any damages they may have caused. They argue that if the $6,390 in damages

is based on additional equipment purchased for the boat by Orloff, he suffered no damage as he was allowed to keep and enjoy these purchases. North Shore and Poloway further maintain that damages for docking and/or storage are improper as Orloff had use of the boat during 1976. With respect to 1977, Orloff was apparently prevented from using the boat by agents of the Illinois Department of Conservation for failure to display the required boat registration. However, Orloff took possession of the boat knowing it lacked registration. Engel and not North Shore held title to the boat, and thus only Engel could have secured the necessary registration. Finally, North Shore and Poloway argue that damages could not be based on a "lost sale" of the boat to Drzyzga as Drzyzga's failure to purchase the boat was based on financial considerations not attributable to North Shore or Poloway.

■■ Orloff failed to file a brief with this court. The claimed errors in question are not of the type that can easily be decided without the aid of an appellee's brief. In such a case, "if the appellant's brief demonstrates *prima facie* reversible error and the contentions in the brief find support in the record the judgment of the trial court may be reversed." (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) We find that a *prima facie* case of reversible error has been established, and therefore we reverse the damages awarded to Orloff and against Poloway and North Shore.

For the foregoing reasons the judgment of the Circuit Court of Lake County is affirmed as to the amendment of the counterclaim and the refusal to allow Poloway to testify. The damages awarded to Engel are modified to $12,500, and the damages awarded to Orloff on the cross-complaint are reversed.

Affirmed in part, modified in part, reversed in part.

WOODWARD and UNVERZAGT, JJ., concur.