JAMES M. MURPHY, Plaintiff-Appellee, *v.* ROPPOLO-PRENDERGAST BUILDERS, INC., Defendant-Appellant.

First District (2nd Division)   No. 82—2882

Opinion filed August 23, 1983.

James B. O'Brien & Associates, Ltd., of Chicago, for appellant.

Gerard C. Heldrich, Jr. & Associates, of Chicago (Gerard C. Heldrich, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

James M. Murphy brought this declaratory judgment action against Roppolo-Prendergast Builders, Inc. (Roppolo), seeking the return of his down payment made pursuant to a written agreement for the purchase of a condominium unit to be built by Roppolo. The trial court, after a hearing, granted Murphy's motion for judgment on the pleadings. Roppolo filed a motion to vacate the judgment and sought leave to amend its original answer. The motion was denied and Roppolo appeals.

On October 7, 1978, plaintiff and defendant entered into a condominium purchase agreement whereby plaintiff agreed to purchase and defendant agreed to construct and sell a unit in a condominium development then under construction. Under the terms of this agreement, plaintiff agreed to pay $72,500 for the unit and deposited $7,250 with defendant as earnest money.

The contract provided that the sale and purchase was to be closed at the time designated by the seller in a written notice to the purchaser; that the unit was to be completed within a reasonable time; and that defendant was to be exempt from liability for delays in construction caused by conditions beyond defendant's control. The contract also required that plaintiff notify defendant within a certain time of any inability on plaintiff's part in obtaining mortgage financing, in order for plaintiff to be excused from performance.

On January 5, 1979, Northwest Federal Savings & Loan Association approved plaintiff's application for a mortgage loan and committed itself to lend plaintiff $57,000 for 30 years at the rate required by the contract, on the condition that plaintiff deposit $570 and sign and return a copy of the commitment letter within 10 days.

On May 8, 1980, defendant notified plaintiff by mail that the closing would be held on May 16, 1980. On May 16, plaintiff hand delivered a letter to defendant's attorney claiming that defendant had defaulted under the contract and that plaintiff was unable to obtain financing and consequently would not close. This letter also demanded the return of the $7,250 earnest money deposit.

Plaintiff filed a complaint for a declaratory judgment, seeking the return of his deposit on the grounds that plaintiff could no longer obtain mortgage financing at the required rate and that the contract lacked a material term, i.e., a closing date.

Defendant's answer denied that the lack of a closing date was a

material term of the contract and neither admitted or denied plaintiff's ability to obtain financing. Plaintiff then filed a motion for judgment on the pleadings and a memorandum in support thereof, arguing that the contract provided no time for performance and therefore must be performed within a reasonable time by defendant, and that 19 months is an unreasonable time. Defendant filed a response to plaintiff's motion for judgment on the pleadings, arguing that a material issue of fact existed as to whether the condominium unit was completed within a reasonable time.

After reviewing the pleadings and hearing arguments, the trial court entered judgment for plaintiff and in so doing found that the lapse of time amounting to 19 months was unreasonable as a matter of law.

Defendant filed a motion to vacate the judgment order and sought leave to amend its answer to emphasize issues of fact, if the court deemed necessary. After a hearing, the trial court denied the motion. Defendant appeals.

■ Defendant first contends that the trial court improperly entered judgment on the pleadings because material issues of fact were presented.

It is well settled that a judgment on the pleadings is proper only if questions of law and not of fact exist after the pleadings have been filed. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552-53, 359 N.E.2d 113.) Where there are controverted questions of fact evident from an examination of the pleadings, the trier of fact must hear evidence to determine the correct facts and may not give judgment on the pleadings alone. *Department of Mental Health v. Kendall* (1973), 15 Ill. App. 3d 881, 886-87, 305 N.E.2d 389.

On review of an order granting judgment on the pleadings, the court must ascertain whether the trial court correctly determined that no genuine issue as to any material fact was presented by the pleadings. *Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 210, 400 N.E.2d 1105; see also *Crane Paper Stock Co. v. Chicago & North Western Ry. Co.* (1967), 86 Ill. App. 2d 90, 94-95, 230 N.E.2d 273.

In the instant case the complaint alleged that plaintiff entered into a contract with defendant for the purchase of a condominium to be built by defendant; that plaintiff deposited $7,250 as earnest money in accordance with the agreement; and that the contract was unenforceable because plaintiff was unable to obtain mortgage financing and because the contract lacked a material term. Defendant's answer denied that the missing term, the closing date, was material and

neither admitted or denied plaintiff's ability to obtain mortgage financing.

Since the parties agreed that the contract failed to specify a date for closing, the trial court held that the law implies a reasonable time for performance and found that 19 months was unreasonable as a matter of law.

It is well settled in Illinois that where a contract is silent as to when performance will be completed, a reasonable time for performance will be implied, and that what is a reasonable time is a matter of proof under the circumstances and conditions of each particular case. *J. J. Brown Co. v. J. L. Simmons Co.* (1954), 2 Ill. App. 2d 132, 139-40, 118 N.E.2d 781.

In the instant case, the issue of what is a reasonable time is a question of fact, and the trial court's finding of unreasonableness as a matter of law was improper under the circumstances.

■ Defendant also contends that a question of fact exists as to whether plaintiff was unable to obtain mortgage financing, but that this question became irrelevant as a result of plaintiff's failure to comply with the provision in the contract which requires plaintiff to notify defendant within 20 days of plaintiff's inability to obtain financing. The contract provides that plaintiff would have been released from his obligations, and would have been entitled to the return of his earnest money, if he had so notified defendant.

The question therefore arises as to whether plaintiff in fact notified defendant of his inability to obtain financing. Only after this issue is resolved can the question be reached of whether plaintiff was able to obtain financing or whether the contract provision rendered plaintiff's ability to obtain financing irrelevant. The existence of these factual issues on the face of the pleadings should have precluded the trial court's disposal of this matter by judgment on the pleadings.

■ ■ Defendant seeks reversal on the additional ground that the trial court abused its discretion in not allowing defendant to amend its answer after the judgment on the pleadings had been entered. Defendant sought to amend its answer so as to address the issue of plaintiff's failure to terminate the agreement prior to the closing notice, and to present arguments justifying defendant's delay in completing the construction of the unit.

The decision of a trial judge as to whether to allow an amendment to the pleadings should not be disturbed on review absent an abuse of discretion. (*Stevenson v. Maston* (1969), 107 Ill. App. 2d 65, 70, 246 N.E.2d 38.) The test to be applied in determining whether the trial court has abused its discretion is to ask whether the trial court's deci-

sion furthers the ends of justice. *North Shore Marine, Inc. v. Engel* (1980), 81 Ill. App. 3d 530, 533, 401 N.E.2d 269; see *Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 1004, 388 N.E.2d 943.

In the instant case, the issue of the reasonableness of the delay was not raised by the complaint, but rather as the result of the trial court's findings in ruling on the motion for judgment on the pleadings. As such, the issue was not addressed in defendant's answer. Once this issue was raised, defendant continuously addressed it throughout the course of the hearings, and then sought leave to amend its answer in its motion to vacate. It is clear that once the trial court raised the new issue of the reasonableness of the delay and decided to dispose of the case on the pleadings, it should have permitted defendant to address this issue in its answer. Under the facts of the instant case, we cannot say that the trial court's denial of defendant's request to amend its answer, and its resolution of the case on the pleadings as then framed, furthered the ends of justice.

The judgment of the circuit court is reversed and the cause is remanded with directions to grant defendant's request to amend its answer and for proceedings herein on the merits of the issues, as the pleadings raise issues of fact.

Reversed and remanded with directions.

DOWNING, P.J., and PERLIN, J., concur.