### In re ASSURED FASTENER PRODUCTS CORPORATION, Debtor.

### Joel A. SCHECTER, Trustee, Plaintiff,

### v.

### ACME SCREW COMPANY, INC., Solar Screw Corporation, Southern States Fastener, Inc., Defendants.

**Bankruptcy Nos. 81 A 3870, 80 B 13770.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 9, 1984.

Joel Schechter, Grossman, Mitzenmacher & Schecter, Chicago, Ill., for plaintiff.

Chester H. Foster, Jr., Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

### I

The sole issue involved in this proceeding concerns whether an award of prejudgment interest should be entered. The prejudgment interest issue is an outgrowth of an order entered by this court on May 27, 1983. *See, Schecter v. Acme Screw Co., et al. (In re Assured Fastener Products Corp.)* 81 A 3870 (Bankr.N.D.Ill. May 27, 1983).

Through the aforesaid order, judgments were entered against the following defendants in the following amounts:

| | |
|---|---|
| Acme Screw Company | $26,155.35 |
| Solar Screw Corporation | $24,515.55 |
| Southern States Fastener | $41,906.48 |

(hereinafter collectively referred to as the "defendants"). The defendants had attempted to setoff the amounts due to Assured Fastener Products Corporation ("debtor") pursuant to 11 U.S.C. § 553 (Supp.V 1981), with claims that a third party, Rosco Specialty Co. ("Rosco") had against the debtor. Allegedly, Rosco had assigned its claims against the debtor to the respective defendants at some point prior to the institution of the debtor's bankruptcy petition. Consequently, via the setoff provisions of Section 553, it was argued that the debtor's claims against the defendants were extinguished.

However, this court did not find the defendants' arguments to be persuasive and denied the affirmative claims for setoff. Thus, judgments were entered against the defendants in the aforesaid amounts. Thereafter, Joel Schecter, the Trustee of the debtor's estate ("Trustee"), brought a motion seeking to modify this court's May 27th order. The motion sought additional relief in the form of prejudgment interest and attorney's fees.

This court declined to entertain the Trustee's motion in the belief that it did not have jurisdiction because of an intervening appeal that had been filed by the defendants. The appeal was assigned to Judge Prentice Marshall. Judge Marshall, in turn, remanded the question of attorney's fees and prejudgment interest to this court. *See, Schecter v. Acme Screw Co., Inc., et al.,* 83 C 5114 (N.D.Ill. February 2, 1984). (A timely filed motion to amend a judgment divests an appellate court of jurisdiction to hear an appeal). Subsequently, the Trustee withdrew his request for attorney's fees. Thus, the sole remaining question is whether prejudgment interest should be levied against the defendants.

## II

The relevant statute in this proceeding is Section 6402 of Chapter 17 of the Illinois Revised Statutes. Section 6402 provides in pertinent part as follows:

> "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, *or other instrument of writing; ...; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance: ...."* (emphasis added).

Ill.Rev.Stat. Ch. 17, § 6402 (1982).

The trustee contends that the documentation presented thus far in this proceeding satisfies either one of two conditions for recovery of prejudgment interest. First, the trustee contends that the bills of lading and corresponding purchase orders introduced to support the aforesaid judgments constitute written instruments. Alternatively, the trustee argues that the prior nature of the parties' business relationships, when viewed together with the introduction of various documents supports a finding that there were accounts stated. Thus, it is argued, liquidated account balances existed as between the parties, satisfying an alternative condition for recovery of prejudgment interest. The defendants, however, contend that the various documents that were introduced do not constitute instruments of writing as required under the statute. Additionally, the defendants contend that the asserted claims of setoff preclude the existence of accounts stated.

## III

■ Under Illinois law, prejudgment interest is recoverable where the money due is a liquidated amount or subject to easy computation. *North Shore Marine Inc. v. Engel*, 81 Ill.App.3d 530, 535, 36 Ill.Dec. 588, 592, 401 N.E.2d 269, 273 (2d Dist.1980). Initially, the debtor contends that its invoices constitute instruments of writing. This court notes that while contracts and signed purchase orders clearly

constitute other instruments of writing under the statutes, *Foster Sportswear Co., Inc. v. Goldblatt Bros., Inc.*, 356 F.2d 906, 910 (7th Cir.1966), invoices of the debtor may be too self-serving. Additionally, one Illinois Court has stated that the phrase "other instruments of writing" should be construed under *ejusdem generis* to mean only other similar writings possessing the same legal attribute. *Hamilton v. American Gage & Mach. Corp.*, 35 Ill.App.3d 845, 853, 342 N.E.2d 758, 765 (1st Dist. 1976). This court, however, does not feel it needs to reach the issue of whether the invoices or bills of lading herein constitute instruments of writing as contemplated by the statute.

Instead, this court finds that the documentation and evidence that has been presented, when taken together, satisfies the account stated requirement of the prejudgment interest statute. As one Illinois court has stated: "Prejudgment interest will be granted although a good faith defense exists and even where the claimed right and amount due require legal ascertainment." *Servbest Foods, Inc. v. Emessee Indus. Inc.*, 82 Ill.App.3d 662, 667, 37 Ill.Dec. 945, 958, 403 N.E.2d 1, 13 (1st Dist.1980). Adequate justification to award prejudgment interest exists if the amount of damages which will be awarded is capable of easy determination. *See*, Williams *Prejudgment Interest*, 22 Trial Lawyers Guide, 4, 9, (1978) (to allow a mere denial of liability in the defendant's answer to defeat an allowance of prejudgment interest would in effect preclude its award in almost every case).

■ An account stated was defined in *Motive Parts Co. of America v. Robinson*, 53 Ill.App.3d 935, 11 Ill.Dec. 665, 369 N.E.2d 119 (1st Dist.1977) as:

> An agreement between parties who have had previous transactions of a monetary character that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such bal-

ance. *Id.* at 938, 11 Ill.Dec. at 668, 369 N.E.2d at 122.

This agreement requires a manifestation of mutual assent of the debtor and creditor. *See, Canadian Ace Brewing Co. v. Swiftsure Beer Service Co.,* 17 Ill.App.2d 54, 60, 149 N.E.2d 442, 446 (1st Dist.1958).

■ The meeting of the parties' minds upon the correctness of an account stated is usually the result of one party tendering a statement of account, *Pure Torpedo Corp. v. Nation,* 327 Ill.App. 28, 32, 63 N.E.2d 600, 602 (4th Dist.1945), and the other party retaining the statement beyond a reasonable time without objection to its accuracy. *Malkov Lumber Co. v. Wolf,* 3 Ill.App.3d 52, 54, 278 N.E.2d 481, 483 (1st Dist.1971). However, "usually" does not mean "invariably". In the instant case, the defendants have stipulated to the accuracy of the debtor's accounts receivable in an agreed order on February 11, 1983. In order to have an account stated there must be a mutual assent to the accuracy by both parties. *Allied Wire Products v. Marketing Techniques,* 99 Ill.App.3d 29, 41, 54 Ill.Dec. 385, 394, 424 N.E.2d 1288, 1297 (1st Dist.1981).

■ Clearly, the parties expressed their mutual assent through the agreed order. Furthermore, the bills of lading, invoices and unsigned purchase orders that were introduced lend additional support to this court's conclusion that accounts stated were created. This court notes that the defendants' setoff claim does not challenge the accuracy of the underlying account. The setoff claim simply asserts that the defendants are entitled to deduct the allegedly assigned amounts from the underlying, accurately stated accounts. Thus, the defendants' setoff claim is not an objection to the accuracy of the account.

■ The debtor seeks prejudgment interest computed from the dates of its last transactions with the defendants. Prejudgment interest, however, should be allowed from the date the account was stated. The account was stated thirty days after the dates of the last transactions.

In conclusion, it is the opinion of this court that the trustee is entitled to a prejudgment interest award based on the finding that there are accounts stated. Thus, the defendants are ordered to pay to the debtor prejudgment interest at the statutory rate of five per centum. The prejudgment interest is to be computed from the following dates for the respective defendants: Acme Screw Co., Inc., May 11, 1980; Solar Screw Corp., January 4, 1980; and Southern States Fastener, Inc., April 30, 1980. The trustee is to prepare a draft order in accordance with this opinion within five (5) days.